**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.:_____

MSC TRADING, S.A., a Haitian
corporation,

        Plaintiff,

v.

ANDRES PABLO DELGADO,
individually,

        Defendant.

_____/

## <u>COMPLAINT</u>

Plaintiff, MSC TRADING, S.A. ("MSC" or "Plaintiff") hereby files the instant Complaint against ANDRES PABLO DELGADO ("Delgado" or "Defendant") for breach of guaranty and alleges as follows:

### <u>PARTIES, JURISDICTION, AND VENUE</u>

1.     This is an action for damages that exceed Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, exclusive of interest, costs, and attorneys' fees.

2.     MSC is a corporation organized and existing under the laws of Haiti with its principal place of business in Port-au-Prince, Haiti.

3.     Delgado is an individual residing in Miami-Dade County, Florida and is the owner of South Florida Lumber, Co. ("SFL").

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 on the basis of the amount in controversy exceeding Seventy-Five Thousand and 00/100 ($75,000.00) Dollars and Plaintiff and Defendant being citizens of different States as outlined below.

5.      This Court has personal jurisdiction over Delgado, and venue is proper in this District under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

### Delgado Guarantees SFL's Debt to Repay MSC for Overcharges

8.      SFL is a major wholesale importer and exporter of lumber that has been supplying MSC with lumber for over 10 years.

9.      During the period of 2016 to 2019, MSC made surplus payments to SFL on various purchased shipments and on July 27, 2020, SFL and MSC entered into the Agreement for Recognition & Payment of Debt (the "Agreement", attached as **Exhibit A**) to confirm the amount owed from the overcharges and define the terms for its repayment.

10.     Pursuant to the Agreement, SFL acknowledged it is indebted to MSC in the amount of $9,816,387.00 due to the overcharges and agreed to pay the full amount of the Debt. *See* p. 6, Ex. A.   SFL paid a total of $712,703.08, leaving an outstanding balance under the Agreement of $9,103,683.92 (the "Debt"). *See* South Florida Lumber Statement as of December 31, 2021, attached as **Exhibit B**.

11.     On July 27, 2020, Delgado and MSC entered into the Personal Guaranty of Mr. Andres Delgado (the "Guaranty", p. 5, Ex. A).

12.     Pursuant to the Guaranty, Delgado guaranteed the Debt and obliged himself to undertake, jointly and severally with SFL, to pay the sum of the Debt pursuant to the terms stipulated in the Guaranty. *See* p. 5, Ex. A.

### Delgado Defaults under the Guaranty

13.     SFL and Delgado failed to satisfy its monthly obligations due under the Agreement and Guaranty beginning in April 2021 and are therefore in default.

14.     On December 10, 2021, counsel for MSC sent the Letter regarding Demand for Payment (the "Demand Letter", attached as **Exhibit C**) which demanded that Delgado and SFL pay MSC the sum of the monthly payments not remitted from April to November 2021, which amounted to $705,025.00, on or before December 15, 2021.

15.     On December 20, 2021, counsel for MSC sent a second Letter regarding Payment Default (the "Default Letter", attached as **Exhibit D**) which notified Delgado and SFL that the deadline to make payments pursuant to the Demand Letter had passed and that MSC would pursue its legal remedies.

16.     As of the filing of this Complaint, Delgado has not made payments to cure the default under the Guaranty.

17.     Pursuant to the Guaranty, Delgado "accept[ed] to guarantee the above described Debt and as such oblige[d] himself to undertake accordingly, jointly and severally with [SFL] to pay the sum of nine million eight hundred sixteen thousand three hundred eighty seven and 00/100 (USD $9,816,387.00) . . . according to the terms stipulated in the [Guaranty]." Ex. A, p. 5. Thus, Delgado accepted that under the terms of the Guaranty, he is obligated to pay the full amount of the Debt.

18.     Further, the Guaranty states:  "[t]he Guarantor acknowledges that this Guaranty can be applied and executed in Haiti **as well as in the State of Florida, United States** where the Guarantor resides." Ex. A, p. 5 (emphasis added).  Thus, the Guaranty can be applied in Florida and Florida law applies to the Guaranty.

19.     Therefore, pursuant to the Guaranty, Defendant owes Plaintiff $9,103,683.92 Dollars, consisting of full amount of the Debt minus the payments made from July 2020 to March 2021.

20.     Plaintiff MSC has retained the undersigned counsel to bring this action and has agreed to pay a reasonable fee for said attorneys' fees and costs; and Plaintiff is entitled to recover its attorneys' fees, costs, and expenses for bringing this action.

### COUNT I – BREACH OF GUARANTY

21.     Plaintiff hereby incorporates by reference and re-alleges, as if fully stated herein, each and every allegation of Paragraphs 1 through 18 of this Complaint.

22.     This is an action against Delgado for breach of guaranty.

23.     Delgado has guaranteed the performance of SFL's obligations under the Agreement by signing and entering into the Guaranty.

24.     As a result of SFL and Delgado's breach and default under the Agreement and Guaranty, Delgado is obligated to pay all amounts due and owing Plaintiff under the Agreement.

25.     Plaintiff has demanded that Delgado pay to it the amounts due and owing under the Agreement, but Delgado has nonetheless failed to make the required payments.

26.     Delgado has therefore breached the Guaranty by failing and refusing to pay Plaintiff the amounts due and owing under the Agreement.

27.     Plaintiff has suffered damages as a result of Delgado's breach of the Guaranty.

WHEREFORE, Plaintiff MSC TRADING, S.A. respectfully requests and hereby demands judgment for damages in the sum of $9,103,683.92 Dollars, against Defendant ANDRES PABLO DELGADO, together with attorneys' fees, and costs, as well as any additional relief the Court deems necessary, reasonable, equitable, just, and/or proper.

Respectfully submitted this 6th day of January, 2022.

_/s/ Donald R. Kirk_____
Donald R. Kirk (FBN 0105767)
Luis E. Orengo, Jr (FBN 1022891)

E-mail: dkirk@carltonfields.com
E-mail: lorengo@carltonfields.com
CARLTON FIELDS, P.A.
P.O. Box 3239
Tampa, FL  33601-3239
Telephone:  (813) 223-7000
Facsimile:  (813) 229-4133

*Attorneys for Plaintiff for MSC Trading,
S.A.*

Exhibit A

## AGREEMENT FOR
## RECOGNITION & PAYMENT OF DEBT

**BETWEEN THE UNDERSIGNED:**

1) **South Florida Lumber**, **Co.** ("**SFL**") a corporation registered in the State of Florida having its registered office in Miami, Florida where it is represented by its owner, Mr. Andres Delgado identified by his American passport no. _450736610_ ;
Hereafter called the « **Debtor** » ;

**AND:**

2) **MSC Trading, S.A. ("MSC")**, a Haitian corporation having its registered office in Port-au-Prince, Haiti where it is represented by the President of its Board M. Christopher Handal identified by his ID no. 003-479-089-9;
Hereafter called the "**Creditor**"

**MSC** and **SFL** hereafter jointly referred to as the **Parties** or individually as a **Party**.

## PREAMBLE

**Whereas SFL** is a major wholesale importer and exporter of lumber;

**Whereas SFL** has been supplying lumber to **MSC** for over 10 years;

**Whereas** the **Parties** acknowledge that during the period from 2016 to 2019 **Creditor** has made surplus payments to the **Debtor** on various shipments that as of June 30, 2020 aggregate to a net amount of **eight million two hundred and five thousand dollars and 00/100 (USD $8,205,000.00)** (the "**Capital Amount**");

**Whereas** the **Parties** have agreed to enter into this agreement (the "**Agreement**") in order to (i) confirm the amount of the **Capital Amount** and (ii) define the terms for its repayment.

## IT HAS BEEN AGREED AS FOLLOWS

**Article 1. South Florida Lumber, Co.,** the **Debtor**, hereby acknowledges that it is indebted unto and in favor of **MSC Trading, S.A.,** the **Creditor,** in an amount of **nine million eight hundred sixteen thousand three hundred eighty-seven and 00/100 (USD $9,816,387.00)** (the "**Debt**"). The **Debt** consisting of (i) the **Capital Amount**; and (ii) an amount of **one million six hundred eleven thousand three hundred eighty seven and 00/100 (USD $1,611,387.00)** ("**Interest**")

1

reflecting interest payments on bank debt accumulated by the **Creditor** as a result of the accumulated surplus payments made to the **Debtor**.

**Article 2.** The **Debtor** agrees to pay the full amount of the **Debt**.

**Article 3.** The **Parties** agree that the payment of the **Debt** will be fulfilled through a combination of the following methods: (i) with merchandise to be shipped from the **Debtor** to the **Creditor,** (ii) by wire transfer or check to the **Creditor** or (iii) through other credits that are confirmed by each **Party** to be made by the **Debtor** and to the full benefit of the **Creditor** (collectively (i), (ii) and (iii) shall hereinafter be referred to as the "**Equalization Payment**"). The **Debtor** agrees (i) to make timely and full payments to the **Creditor** based on the payment schedule outlined in Appendix A and attached herewith (the "**Payment Schedule**"), (ii) that in no circumstances will the amount of the **Equalization Payment** payable to the **Creditor** on a monthly basis be less than the minimum monthly payment amount ("**Minimum Monthly Payment**") indicated in the **Payment Schedule** and (iii) that in no circumstances will the additional amount of **Equalization Payment** payable to the **Creditor** on an annual basis on or before October 31 of each calendar year starting October 31, 2020 through October 31, 2025 ("**Minimum Additional Annual Payment**") be less than the amounts indicated in the **Payment Schedule**. . In the case of payment by check or wire transfer the **Creditor** will provide the **Debtor** with the information needed for the payment to be done. In any event unless otherwise instructed payments may be done on the Unibank account detailed in the document attached herein as Appendix B.

**Article 4.** The **Debtor** shall not be subject to any additional monthly interest payments on the **Debt** as long as (i) the **Minimum Monthly Payment** is made on a timely basis every month, (ii) the **Minimum Additional Annual Payment** is made on a timely basis every year before October 31st of each calendar year; and, (iii) the **Debt** is paid off in full prior to November 1, 2025. The **Creditor** will continue to calculate interest payments at a rate of one percent (1.00%) per month based on the outstanding balance of the **Capital Amount** at the end of each calendar month starting with the balance at June 30, 2020, and will keep a running balance of such interest (the "**Accumulated Interest**"), a copy of which can be provided to the **Debtor** upon request. However, in the event any portion of either the **Minimum Monthly Payment or the Minimum Additional Annual Payment** is not received on time, the balance of the **Debt** shall be increased by the monthly interest for that portion and for the period until such time as the payment is made to **Creditor** to become current, and should the **Debt** not be reduced to a zero balance on or before October 31, 2025, on November 1, 2025 the **Debt** will be increased by the full amount of the **Accumulated Interest** and the new balance will be due and payable immediately to the **Creditor**. However, if the **Debtor** makes a payment in excess of either the **Minimum Monthly Payment** or the **Minimum Additional Annual Payment** ("the "**Overpayment**"), then the **Debtor** would



receive a concession of one percent (1.00%) on the amount of the **Overpayment**, but the entire gross amount of the payment would be credited towards reducing the balance of the **Debt**.

**Article 5.** The **Parties** agree that anticipated payments can be made on the balance of the **Debt** at any time during the contract without any penalties for the **Debtor**.

**Article 6. MSC** agrees that, for as long as it is in the lumber business and for as long as **SFL** respects its obligations hereunder and remains competitive with the quality and the prices of the merchandise sold, **MSC** will continue to purchase from **SFL** with the possibility to start with new products and new volumes based on Haitian market demand.

**Article 7.** This **Agreement** embodies the entire agreement and understanding between the Parties with respect to the subject matter of the **Agreement** and supersedes all prior agreements and understandings, whether written or oral, unless expressly provided otherwise herein. No amendment, modification, or termination of this **Agreement**, unless expressly provided otherwise herein, shall be valid unless made in writing and signed by each of the Parties.

**Article 8.** If any provision of this **Agreement** is held to be unenforceable, such provision shall be fully severable and the remaining provisions of this **Agreement** shall remain in full force and effect.

**Article 9.** All notification to be done in relation to the present agreement from one party to the other will need to be done by letter with acknowledgement of delivery at the following addresses with certified copies to the guarantor:

**FOR THE DEBTOR:**
SOUTH FLORIDA LUMBER INC:
Attention M. Andres DELGADO
10760 NW 123rd Street
Medley, FL 33178
Tel:786-202-8970
Email:andy@southfloridalbr.com

**FOR THE CREDITOR**:
MSC TRADING, S.A:
Attention M. Christopher Handal
#44, Boulevard du 15 Octobre
Tabarre, Haïti
Tel: (509) 3729-7777
Email: msctrading@aol.com

3

**FOR THE GUARANTOR:**
Mr. Andres DELGADO
10760 NW 123rd Street
Medley, FL 33178
Tel: 786-202-8970
Email:andy@southfloridalbr.com

**Article 10**. - This **Agreement** is governed by the laws of the Republic of Haiti. All disputes arising out of or related to this **Agreement** shall be finally settled by one (1) arbitrator appointed in accordance with the Rules of Arbitration of the International Chamber of Commerce. The arbitration proceeding shall be conducted in the English language in Miami, Florida, USA. Each party shall bear its own costs associated with the resolution or arbitration of any dispute, and all fees and other costs of the arbitration proceeding shall be shared equally between the parties. The award rendered by the arbitration shall be final and binding upon both parties and judgment upon the award may be entered in any court having jurisdiction thereof. Nothing herein shall preclude either party from seeking interim equitable relief from a court of competent jurisdiction. A request by a party to a court for interim relief shall not affect either party's obligation hereunder to arbitrate.

Done and executed in good faith, in three (3) counterparts on this day of _July 27th_ 2020.

**READ AND APPROVED:**

**South Florida Lumber**
**By: Mr. Andres Delgado**

ALINA GARZA MONTESINO
MY COMMISSION # GG 083973
EXPIRES: March 15, 2021
Bonded Thru Notary Public Underwriters

7/27/20

**MSC Trading, S.A.**
**By: Mr. Christopher Handal**

## PERSONAL GUARANTY OF MR. ANDRES DELGADO

Mr. **Andres DELGADO** identified by his American passport no. _450736610_ (the "**Guarantor**") who, after having acknowledge the forgoing private agreement accepts to guarantee the above described **Debt** and as such obliges himself to undertake accordingly, jointly and severally with the **Debtor** to pay the sum of **nine million eight hundred sixteen thousand three hundred eighty seven and 00/100 (USD $9,816,387.00)** (the "**Debt**") according to the terms stipulated in this agreement (the "**Guaranty**").

The **Guarantor** will also pay to the **Creditor** any and all expenses (including without limitation, reasonable legal fees and expenses) incurred by the **Creditor** in enforcing its rights under this **Guaranty**. This **Guaranty** is a guaranty of payment and not merely of collection.

The liability of the **Guarantor** under this **Guaranty** shall be irrevocable, absolute and unconditional and the **Guarantor** hereby irrevocably waives any defenses he may now or hereafter acquire in any way relating to, any or all of the following: (i) any illegality, lack of validity or enforceability of any obligation, (ii) any change in the corporate existence, structure or ownership of the **Debtor**, or any insolvency, bankruptcy, reorganization or other similar proceeding affecting the **Debtor** (iii) the existence of any claim, set-off or other rights that the **Guarantor** may have at any time against the **Debtor**.

The **Guarantor** represent and warrant that:
(i) the execution, delivery and performance by the Guarantor of this Guaranty are within his powers, and do not contravene any law or any contractual restriction binding on or affecting the **Guarantor**;
(ii) this **Guaranty** has been duly executed and delivered by the **Guarantor** and is its legal, valid and binding obligation, enforceable against the Guarantor in accordance with its terms;
(iii) The **Guarantor** acknowledges that this **Guaranty** can be applied and executed in Haiti as well as in the State of Florida, United States where the **Guarantor** resides.

*In Guaranty of the sum of nine million eight hundred sixteen thousand three hundred eighty seven and 00/100 (USD $9,816,387.00)*

**Mr. Andres Delgado**

*Good for acceptation of the surety*

**MSC Trading, S.A.**
**By : M. Christopher Handal**

ALINA GARZA MONTESINO
MY COMMISSION # GG 083973
EXPIRES: March 15, 2021
Bonded Thru Notary Public Underwriters

7/27/20

5

## APPENDIX A:  PAYMENT SCHEDULE

All figures in United States Dollars

| Payment Number | Due date | Minimum Monthly Payment | Minimum Additional Annual Payment | Total Payment to MSC | End of Period Balance |
|---|---|---|---|---|---|
| 0 | - | - | - | - | $ 9,816,387.00 |
| 1 | 31-Jul-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,736,387.00 |
| 2 | 31-Aug-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,656,387.00 |
| 3 | 30-Sep-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,576,387.00 |
| 4 | 31-Oct-20 | $ 80,000.00 | $ 293,524.19 | $ 373,524.19 | $ 9,202,862.81 |
| 5 | 30-Nov-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,122,862.81 |
| 6 | 31-Dec-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,042,862.81 |
| 7 | 31-Jan-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,962,862.81 |
| 8 | 28-Feb-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,882,862.81 |
| 9 | 31-Mar-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,802,862.81 |
| 10 | 30-Apr-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,722,862.81 |
| 11 | 31-May-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,642,862.81 |
| 12 | 30-Jun-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,562,862.81 |
| 13 | 31-Jul-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,482,862.81 |
| 14 | 31-Aug-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,402,862.81 |
| 15 | 30-Sep-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,322,862.81 |
| 16 | 31-Oct-21 | $ 80,000.00 | $ 880,572.56 | $ 960,572.56 | $ 7,362,290.25 |
| 17 | 30-Nov-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,282,290.25 |
| 18 | 31-Dec-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,202,290.25 |
| 19 | 31-Jan-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,122,290.25 |
| 20 | 28-Feb-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,042,290.25 |
| 21 | 31-Mar-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,962,290.25 |
| 22 | 30-Apr-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,882,290.25 |
| 23 | 31-May-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,802,290.25 |
| 24 | 30-Jun-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,722,290.25 |
| 25 | 31-Jul-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,642,290.25 |
| 26 | 31-Aug-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,562,290.25 |
| 27 | 30-Sep-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,482,290.25 |
| 28 | 31-Oct-22 | $ 80,000.00 | $ 880,572.56 | $ 960,572.56 | $ 5,521,717.69 |
| 29 | 30-Nov-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,441,717.69 |
| 30 | 31-Dec-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,361,717.69 |
| 31 | 31-Jan-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,281,717.69 |
| 32 | 28-Feb-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,201,717.69 |
| 33 | 31-Mar-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,121,717.69 |
| 34 | 30-Apr-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,041,717.69 |
| 35 | 31-May-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,961,717.69 |
| 36 | 30-Jun-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,881,717.69 |
| 37 | 31-Jul-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,801,717.69 |
| 38 | 31-Aug-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,721,717.69 |
| 39 | 30-Sep-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,641,717.69 |
| 40 | 31-Oct-23 | $ 80,000.00 | $ 880,572.56 | $ 960,572.56 | $ 3,681,145.13 |
| 41 | 30-Nov-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,601,145.13 |
| 42 | 31-Dec-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,521,145.13 |
| 43 | 31-Jan-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,441,145.13 |
| 44 | 29-Feb-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,361,145.13 |
| 45 | 31-Mar-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,281,145.13 |
| 46 | 30-Apr-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,201,145.13 |
| 47 | 31-May-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,121,145.13 |
| 48 | 30-Jun-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,041,145.13 |
| 49 | 31-Jul-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 2,961,145.13 |
| 50 | 31-Aug-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 2,881,145.13 |
| 51 | 30-Sep-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 2,801,145.13 |
| 52 | 31-Oct-24 | $ 80,000.00 | $ 880,572.56 | $ 960,572.56 | $ 1,840,572.56 |
| 53 | 30-Nov-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,760,572.56 |
| 54 | 31-Dec-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,680,572.56 |
| 55 | 31-Jan-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,600,572.56 |
| 56 | 28-Feb-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,520,572.56 |
| 57 | 31-Mar-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,440,572.56 |
| 58 | 30-Apr-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,360,572.56 |
| 59 | 31-May-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,280,572.56 |
| 60 | 30-Jun-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,200,572.56 |
| 61 | 31-Jul-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,120,572.56 |
| 62 | 31-Aug-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,040,572.56 |
| 63 | 30-Sep-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 960,572.56 |
| 64 | 31-Oct-25 | $ 80,000.00 | $ 880,572.56 | $ 960,572.56 | $ - |
| TOTAL | | $ 5,120,000.00 | $ 4,696,387.00 | $ 9,816,387.00 | |

## APPENDIX B: UNIBANK ACCOUNT DETAILS



## BANK INFOS  UNIBANK  -  MSC TRADING S.A.

| | | |
|---|---|---|
| **INTERMEDIARY BANK** | : | **BANK OF NEW YORK** |
| **ADDRESS** | : | **ONE WALL STREET, NEW YORK,  NY 10286** |
| **ABA NO.** | : | **021-000-018** |
| **SWIFT NO.** | : | **IRVTUS3N** |
| **BENEFICIARY BANK** | : | **U N I B A N K  S.A.** |
| **BENEFICIARY ACCT.** | : | **890-0570-881** |
| **BENEFICIARY SWIFT** | : | **UBNKHTPP** |
| **For Further Credit to** | : | **M S C  TRADING S.A.** |
| **ADRESS** | : | **44 BOULEVARD 15 OCTOBRE, TABARRE HAITI,  HT 6124** |
| **ACCOUNT NO.** | : | **277-1022-935781** |



44, Blvd. 15 Octobre, Tabarre, Haiti
Tél.: 3682-0808 / 3462-1111
email:msctrading@aol.com

44, Boulevard 15 Octobre, Tabarre, Haiti - Drouillard Route Nationale #1
Tél: (509) 34 62 11 11 • 34 99 16 16 • 36 41 11 11
msctrading@aol.com, msctrading_depot@yahoo.com

7



# APPENDIX A:  PAYMENT SCHEDULE

All figures in United States Dollars

| Payment Number | Due date | Minimum Monthly Payment | Minimum Additional Annual Payment | Total Payment to MSC | End of Period Balance |
|---|---|---|---|---|---|
| 0 | - | $ - | $ - | $ - | $ 9,816,387.00 |
| 1 | 31-Jul-20 | $ - | $ - | $ - | $ 9,816,387.00 |
| 2 | 31-Aug-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,736,387.00 |
| 3 | 30-Sep-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,656,387.00 |
| 4 | 31-Oct-20 | $ 80,000.00 | $ 298,524.19 | $ 378,524.19 | $ 9,277,862.81 |
| 5 | 30-Nov-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,197,862.81 |
| 6 | 31-Dec-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,117,862.81 |
| 7 | 31-Jan-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,037,862.81 |
| 8 | 28-Feb-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,957,862.81 |
| 9 | 31-Mar-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,877,862.81 |
| 10 | 30-Apr-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,797,862.81 |
| 11 | 31-May-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,717,862.81 |
| 12 | 30-Jun-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,637,862.81 |
| 13 | 31-Jul-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,557,862.81 |
| 14 | 31-Aug-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,477,862.81 |
| 15 | 30-Sep-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,397,862.81 |
| 16 | 31-Oct-21 | $ 80,000.00 | $ 895,572.56 | $ 975,572.56 | $ 7,422,290.25 |
| 17 | 30-Nov-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,342,290.25 |
| 18 | 31-Dec-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,262,290.25 |
| 19 | 31-Jan-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,182,290.25 |
| 20 | 28-Feb-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,102,290.25 |
| 21 | 31-Mar-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,022,290.25 |
| 22 | 30-Apr-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,942,290.25 |
| 23 | 31-May-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,862,290.25 |
| 24 | 30-Jun-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,782,290.25 |
| 25 | 31-Jul-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,702,290.25 |
| 26 | 31-Aug-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,622,290.25 |
| 27 | 30-Sep-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,542,290.25 |
| 28 | 31-Oct-22 | $ 80,000.00 | $ 895,572.56 | $ 975,572.56 | $ 5,566,717.69 |
| 29 | 30-Nov-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,486,717.69 |
| 30 | 31-Dec-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,406,717.69 |
| 31 | 31-Jan-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,326,717.69 |
| 32 | 28-Feb-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,246,717.69 |
| 33 | 31-Mar-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,166,717.69 |
| 34 | 30-Apr-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,086,717.69 |
| 35 | 31-May-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,006,717.69 |
| 36 | 30-Jun-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,926,717.69 |
| 37 | 31-Jul-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,846,717.69 |
| 38 | 31-Aug-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,766,717.69 |
| 39 | 30-Sep-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,686,717.69 |
| 40 | 31-Oct-23 | $ 80,000.00 | $ 895,572.56 | $ 975,572.56 | $ 3,711,145.13 |
| 41 | 30-Nov-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,631,145.13 |
| 42 | 31-Dec-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,551,145.13 |
| 43 | 31-Jan-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,471,145.13 |
| 44 | 29-Feb-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,391,145.13 |
| 45 | 31-Mar-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,311,145.13 |
| 46 | 30-Apr-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,231,145.13 |
| 47 | 31-May-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,151,145.13 |
| 48 | 30-Jun-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,071,145.13 |
| 49 | 31-Jul-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 2,991,145.13 |
| 50 | 31-Aug-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 2,911,145.13 |
| 51 | 30-Sep-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 2,831,145.13 |
| 52 | 31-Oct-24 | $ 80,000.00 | $ 895,572.56 | $ 975,572.56 | $ 1,855,572.56 |
| 53 | 30-Nov-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,775,572.56 |
| 54 | 31-Dec-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,695,572.56 |
| 55 | 31-Jan-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,615,572.56 |
| 56 | 28-Feb-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,535,572.56 |
| 57 | 31-Mar-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,455,572.56 |
| 58 | 30-Apr-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,375,572.56 |
| 59 | 31-May-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,295,572.56 |
| 60 | 30-Jun-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,215,572.56 |
| 61 | 31-Jul-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,135,572.56 |
| 62 | 31-Aug-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,055,572.56 |
| 63 | 30-Sep-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 975,572.56 |
| 64 | 31-Oct-25 | $ 80,000.00 | $ 895,572.56 | $ 975,572.56 | $ - |
| **TOTAL** | | **$ 5,040,000.00** | **$ 4,776,387.00** | **$ 9,816,387.00** | |



Exhibit B



## MSC TRADING S.A

Drouillard, Sarthes,
Zone Terre Noire

Phone: (509) 3499-1616/ 3662-0808

E-mail: msctrading_depot@yahoo.com

*Statement*

Statement #: 1
Date: December 8, 2021
Customer ID: SFL LOAN

Bill To: SOUTH FLORIDA LUMBER
10760 nw 123 Street
Medley,FL 33178
(305)6658001
(305)4158314

| Date | Type | Invoice # | Description | Amount | Payment | Balance |
|------|------|-----------|-------------|--------|---------|---------|
| 8/31/2020 | | | Remaining Balance after Signing of Contract for the debt | | | $ 9,816,387.00 |
| 9/3/2020 | | | 1er Versement (August 2020) | $ - | $ (79,972.50) | $ 9,736,414.50 |
| 10/5/2020 | | | 2 eme Versement (September 2020) | | $ (80,027.50) | $ 9,656,387.00 |
| 11/5/2020 | | | 3 eme Versement (October 2020) | | $ (79,972.50) | $ 9,576,414.50 |
| 12/9/2020 | | | 4 eme Versement (November 2020) | | $ (24,997.50) | $ 9,551,417.00 |
| 12/9/2020 | | | Invoices Paid by SFL as payment on debts( Balance November 2020) | | $ (66,795.31) | $ 9,484,621.69 |
| 1/12/2021 | | | 5 eme Versement (December 2020) | | $ (44,431.53) | $ 9,440,190.16 |
| 1/19/2021 | | | Invoices Paid by SFL as payment on debts( Balance December 2020) | | $ (46,457.97) | $ 9,393,732.19 |
| 3/8/2021 | | | 6 eme Versement(January 2021) | | $ (49,972.50) | $ 9,343,759.69 |
| 3/22/2021 | | | 7 eme Versement (Balance January 2021) | | $ (50,025.00) | $ 9,293,734.69 |
| 3/29/2021 | | | 8 eme Versement(February 2021) | | $ (39,972.50) | $ 9,253,762.19 |
| 4/19/2021 | | | 9 eme Versement (Balance February 2021) | | $ (41,972.50) | $ 9,211,789.69 |
| 5/31/2021 | | | 10 eme Versement (March 2021) | | $ (44,997.50) | $ 9,166,792.19 |
| 7/1/2021 | | | Invoice Paid by SFL as payment on debts( Balance March 2021) | | $ (8,160.77) | $ 9,158,631.42 |
| 7/27/2021 | | | 11 eme Versement (Balance March 2021 ) | | $ (39,972.50) | $ 9,118,658.92 |
| 10/29/2021 | | | 12 eme Versement (April 2021) | | $ (14,975.00) | $ 9,103,683.92 |
| | | | | | | $ - |
| | | | | **Total** | $ (712,703.08) | $ 9,103,683.92 |

| REMITTANCE | |
|------------|--|
| Customer Name: | SOUTH FLORIDA LUMBER |
| Customer ID: | SFL LOAN |
| Statement #: | 1 |
| Date: | December 8, 2021 |
| Amount Due: | $9,103,683.92 |
| Amount Enclosed: | |

Exhibit C



**ATTORNEYS AT LAW**

**Corporate Center Three at International Plaza**
4221 W. Boy Scout Boulevard | Suite 1000
Tampa, Florida 33607-5780
P.O. Box 3239 | Tampa, Florida 33601-3239
813.223.7000 | fax 813.229.4133
www.carltonfields.com

Donald R. Kirk
Attorney at Law
813-229-4334 Direct Dial
dkirk@carltonfields.com

December 10, 2021

Atlanta
Florham Park
Hartford
Los Angeles
Miami
New York
Orlando
Tallahassee
**Tampa**
Washington, DC
West Palm Beach

South Florida Lumber, Inc.
Attention: M. Andres Delgado
10760 NW 123rd Street
Medley, FL 33178
andy@southfloridalbr.com
**Sent via E-mail, FedEx and Regular
Mail**

Mr. Andres Delgado
10760 NW 123rd Street
Medley, FL 33178
andy@southfloridalbr.com
**Sent via E-mail, FedEx and Regular Mail**

Re:     **Demand for Payment**

Dear Mr. Delgado:

This law firm has been retained by MSC Trading, S.A. ("MSC") for the purpose of collecting unpaid amounts due by South Florida Lumber, Inc. ("SFL") and you, individually, as personal guarantor ("Guarantor") pursuant to the Agreement for Recognition & Payment of Debt ("Agreement") and the Personal Guaranty of Mr. Andres Delgado dated July 27, 2020 ("Guaranty").  Copies of the Agreement and Guaranty are enclosed.

In the Agreement, SFL promised to make certain periodic payments to MSC in accordance with the Payment Schedule until the entire Debt, as those terms are defined in the Agreement, is paid in full.  Guarantor guaranteed each and every Debt obligation due under the Agreement.  You have failed to satisfy your monthly obligations due under the Agreement and Guaranty and in accordance with the Payment Schedule.  In particular, SFL and Guarantor have failed to satisfy their monthly obligations under the Agreement for the following months: April through November, 2021.  As of the date of this letter, the past due amount owing under the Agreement and Guaranty is at least $705,025.00, plus all applicable late fees, interest, charges, and fees incurred in connection with the default.  The past due amount grows on a daily basis.  Enclosed is an accounting reflecting the past due amount.

Accordingly, MSC demands that you pay MSC the sum of $705,025.00 on or before December 15, 2021.  In the event you fail to timely pay the entire past due amount as requested, MSC will pursue its legal remedies.   In the event legal

Carlton Fields, P.A.

127966424.1                Carlton Fields, P.A. practices law in California through Carlton Fields, LLP.

.

December 10, 2021
Page 2

proceedings are initiated, you may be responsible for not only the principal balance due on the account and the Entire debt, but also interest, court costs, and attorney's fees.

Carlton Fields, P.A.

Donald R. Kirk

DRK/kat

## AGREEMENT FOR
## RECOGNITION & PAYMENT OF DEBT

**BETWEEN THE UNDERSIGNED:**

1) **South Florida Lumber**, **Co.** ("**SFL**") a corporation registered in the State of Florida having its registered office in Miami, Florida where it is represented by its owner, Mr. Andres Delgado identified by his American passport no. _450736610_ ;
Hereafter called the « **Debtor** » ;

**AND:**

2) **MSC Trading, S.A. ("MSC")**, a Haitian corporation having its registered office in Port-au-Prince, Haiti where it is represented by the President of its Board M. Christopher Handal identified by his ID no. 003-479-089-9;
Hereafter called the "**Creditor**"

**MSC** and **SFL** hereafter jointly referred to as the **Parties** or individually as a **Party**.

### PREAMBLE

**Whereas SFL** is a major wholesale importer and exporter of lumber;

**Whereas SFL** has been supplying lumber to **MSC** for over 10 years;

**Whereas** the **Parties** acknowledge that during the period from 2016 to 2019 **Creditor** has made surplus payments to the **Debtor** on various shipments that as of June 30, 2020 aggregate to a net amount of **eight million two hundred and five thousand dollars and 00/100 (USD $8,205,000.00)** (the "**Capital Amount**");

**Whereas** the **Parties** have agreed to enter into this agreement (the "**Agreement**") in order to (i) confirm the amount of the **Capital Amount** and (ii) define the terms for its repayment.

### IT HAS BEEN AGREED AS FOLLOWS

**Article 1. South Florida Lumber, Co.,** the **Debtor**, hereby acknowledges that it is indebted unto and in favor of **MSC Trading, S.A.,** the **Creditor,** in an amount of **nine million eight hundred sixteen thousand three hundred eighty-seven and 00/100 (USD $9,816,387.00)** (the "**Debt**"). The **Debt** consisting of (i) the **Capital Amount**; and (ii) an amount of **one million six hundred eleven thousand three hundred eighty seven and 00/100 (USD $1,611,387.00)** ("**Interest**")

1

reflecting interest payments on bank debt accumulated by the **Creditor** as a result of the accumulated surplus payments made to the **Debtor**.

**Article 2.** The **Debtor** agrees to pay the full amount of the **Debt**.

**Article 3.** The **Parties** agree that the payment of the **Debt** will be fulfilled through a combination of the following methods: (i) with merchandise to be shipped from the **Debtor** to the **Creditor,** (ii) by wire transfer or check to the **Creditor** or (iii) through other credits that are confirmed by each **Party** to be made by the **Debtor** and to the full benefit of the **Creditor** (collectively (i), (ii) and (iii) shall hereinafter be referred to as the "**Equalization Payment**"**).** The **Debtor** agrees (i) to make timely and full payments to the **Creditor** based on the payment schedule outlined in Appendix A and attached herewith (the "**Payment Schedule**"), (ii) that in no circumstances will the amount of the **Equalization Payment** payable to the **Creditor** on a monthly basis be less than the minimum monthly payment amount ("**Minimum Monthly Payment**") indicated in the **Payment Schedule** and (iii) that in no circumstances will the additional amount of **Equalization Payment** payable to the **Creditor** on an annual basis on or before October 31 of each calendar year starting October 31, 2020 through October 31, 2025 ("**Minimum Additional Annual Payment**") be less than the amounts indicated in the **Payment Schedule**. . In the case of payment by check or wire transfer the **Creditor** will provide the **Debtor** with the information needed for the payment to be done. In any event unless otherwise instructed payments may be done on the Unibank account detailed in the document attached herein as Appendix B.

**Article 4.** The **Debtor** shall not be subject to any additional monthly interest payments on the **Debt** as long as (i) the **Minimum Monthly Payment** is made on a timely basis every month, (ii) the **Minimum Additional Annual Payment** is made on a timely basis every year before October 31st of each calendar year; and, (iii) the **Debt** is paid off in full prior to November 1, 2025.  The **Creditor** will continue to calculate interest payments at a rate of one percent (1.00%) per month based on the outstanding balance of the **Capital Amount** at the end of each calendar month starting with the balance at June 30, 2020, and will keep a running balance of such interest (the "**Accumulated Interest**"), a copy of which can be provided to the **Debtor** upon request. However, in the event any portion of either the **Minimum Monthly Payment or the Minimum Additional Annual Payment** is not received on time, the balance of the **Debt** shall be increased by the monthly interest for that portion and for the period until such time as the payment is made to **Creditor** to become current, and should the **Debt** not be reduced to a zero balance on or before October 31, 2025, on November 1, 2025 the **Debt** will be increased by the full amount of the **Accumulated Interest** and the new balance will be due and payable immediately to the **Creditor**. However, if the **Debtor** makes a payment in excess of either the **Minimum Monthly Payment** or the **Minimum Additional Annual Payment** ("the "**Overpayment**"), then the **Debtor** would



receive a concession of one percent (1.00%) on the amount of the **Overpayment**, but the entire gross amount of the payment would be credited towards reducing the balance of the **Debt**.

**Article 5.** The **Parties** agree that anticipated payments can be made on the balance of the **Debt** at any time during the contract without any penalties for the **Debtor**.

**Article 6. MSC** agrees that, for as long as it is in the lumber business and for as long as **SFL** respects its obligations hereunder and remains competitive with the quality and the prices of the merchandise sold, **MSC** will continue to purchase from **SFL** with the possibility to start with new products and new volumes based on Haitian market demand.

**Article 7.** This **Agreement** embodies the entire agreement and understanding between the Parties with respect to the subject matter of the **Agreement** and supersedes all prior agreements and understandings, whether written or oral, unless expressly provided otherwise herein. No amendment, modification, or termination of this **Agreement**, unless expressly provided otherwise herein, shall be valid unless made in writing and signed by each of the Parties.

**Article 8.** If any provision of this **Agreement** is held to be unenforceable, such provision shall be fully severable and the remaining provisions of this **Agreement** shall remain in full force and effect.

**Article 9.** All notification to be done in relation to the present agreement from one party to the other will need to be done by letter with acknowledgement of delivery at the following addresses with certified copies to the guarantor:

**FOR THE DEBTOR:**
SOUTH FLORIDA LUMBER INC:
Attention M. Andres DELGADO
10760 NW 123rd  Street
Medley, FL 33178
Tel:786-202-8970
Email:andy@southfloridalbr.com

**FOR THE CREDITOR:**
MSC TRADING, S.A:
Attention M. Christopher Handal
#44, Boulevard du 15 Octobre
Tabarre,  Haïti
Tel: (509) 3729-7777
Email: msctrading@aol.com

## APPENDIX A:  PAYMENT SCHEDULE

All figures in United States Dollars

| Payment Number | Due date | Minimum Monthly Payment | Minimum Additional Annual Payment | Total Payment to MSC | End of Period Balance |
|---|---|---|---|---|---|
| 0 | - | - | - | - | $ 9,816,387.00 |
| 1 | 31-Jul-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,736,387.00 |
| 2 | 31-Aug-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,656,387.00 |
| 3 | 30-Sep-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,576,387.00 |
| 4 | 31-Oct-20 | $ 80,000.00 | $ 293,524.19 | $ 373,524.19 | $ 9,202,862.81 |
| 5 | 30-Nov-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,122,862.81 |
| 6 | 31-Dec-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,042,862.81 |
| 7 | 31-Jan-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,962,862.81 |
| 8 | 28-Feb-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,882,862.81 |
| 9 | 31-Mar-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,802,862.81 |
| 10 | 30-Apr-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,722,862.81 |
| 11 | 31-May-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,642,862.81 |
| 12 | 30-Jun-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,562,862.81 |
| 13 | 31-Jul-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,482,862.81 |
| 14 | 31-Aug-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,402,862.81 |
| 15 | 30-Sep-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,322,862.81 |
| 16 | 31-Oct-21 | $ 80,000.00 | $ 880,572.56 | $ 960,572.56 | $ 7,362,290.25 |
| 17 | 30-Nov-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,282,290.25 |
| 18 | 31-Dec-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,202,290.25 |
| 19 | 31-Jan-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,122,290.25 |
| 20 | 28-Feb-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,042,290.25 |
| 21 | 31-Mar-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,962,290.25 |
| 22 | 30-Apr-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,882,290.25 |
| 23 | 31-May-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,802,290.25 |
| 24 | 30-Jun-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,722,290.25 |
| 25 | 31-Jul-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,642,290.25 |
| 26 | 31-Aug-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,562,290.25 |
| 27 | 30-Sep-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,482,290.25 |
| 28 | 31-Oct-22 | $ 80,000.00 | $ 880,572.56 | $ 960,572.56 | $ 5,521,717.69 |
| 29 | 30-Nov-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,441,717.69 |
| 30 | 31-Dec-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,361,717.69 |
| 31 | 31-Jan-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,281,717.69 |
| 32 | 28-Feb-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,201,717.69 |
| 33 | 31-Mar-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,121,717.69 |
| 34 | 30-Apr-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,041,717.69 |
| 35 | 31-May-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,961,717.69 |
| 36 | 30-Jun-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,881,717.69 |
| 37 | 31-Jul-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,801,717.69 |
| 38 | 31-Aug-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,721,717.69 |
| 39 | 30-Sep-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,641,717.69 |
| 40 | 31-Oct-23 | $ 80,000.00 | $ 880,572.56 | $ 960,572.56 | $ 3,681,145.13 |
| 41 | 30-Nov-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,601,145.13 |
| 42 | 31-Dec-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,521,145.13 |
| 43 | 31-Jan-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,441,145.13 |
| 44 | 29-Feb-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,361,145.13 |
| 45 | 31-Mar-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,281,145.13 |
| 46 | 30-Apr-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,201,145.13 |
| 47 | 31-May-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,121,145.13 |
| 48 | 30-Jun-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,041,145.13 |
| 49 | 31-Jul-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 2,961,145.13 |
| 50 | 31-Aug-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 2,881,145.13 |
| 51 | 30-Sep-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 2,801,145.13 |
| 52 | 31-Oct-24 | $ 80,000.00 | $ 880,572.56 | $ 960,572.56 | $ 1,840,572.56 |
| 53 | 30-Nov-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,760,572.56 |
| 54 | 31-Dec-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,680,572.56 |
| 55 | 31-Jan-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,600,572.56 |
| 56 | 28-Feb-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,520,572.56 |
| 57 | 31-Mar-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,440,572.56 |
| 58 | 30-Apr-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,360,572.56 |
| 59 | 31-May-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,280,572.56 |
| 60 | 30-Jun-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,200,572.56 |
| 61 | 31-Jul-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,120,572.56 |
| 62 | 31-Aug-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,040,572.56 |
| 63 | 30-Sep-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 960,572.56 |
| 64 | 31-Oct-25 | $ 80,000.00 | $ 880,572.56 | $ 960,572.56 | $ - |
| **TOTAL** | | **$ 5,120,000.00** | **$ 4,696,387.00** | **$ 9,816,387.00** | $ - |

## APPENDIX B: UNIBANK ACCOUNT DETAILS



## BANK INFOS  UNIBANK  -  MSC TRADING S.A.

| | | |
|---|---|---|
| **INTERMEDIARY BANK** | : | **BANK OF NEW YORK** |
| **ADDRESS** | : | **ONE WALL STREET, NEW YORK,  NY 10286** |
| **ABA NO.** | : | **021-000-018** |
| **SWIFT NO.** | : | **IRVTUS3N** |
| **BENEFICIARY BANK** | : | **U N I B A N K  S.A.** |
| **BENEFICIARY ACCT.** | : | **890-0570-881** |
| **BENEFICIARY SWIFT** | : | **UBNKHTPP** |
| **For Further Credit to** | : | **M S C  TRADING S.A.** |
| **ADRESS** | : | **44 BOULEVARD 15 OCTOBRE, TABARRE HAITI,  HT 6124** |
| **ACCOUNT NO.** | : | **277-1022-935781** |



44, Blvd. 15 Octobre, Tabarre, Haiti
Tél.: 3662-0808 / 3462-1111
email:msctrading@aol.com

44, Boulevard 15 Octobre, Tabarre, Haiti – Drouillard Route Nationale #1
Tél: (509)  34 62 11 11 • 34 99 16 16 • 36 41 11 11
msctrading@aol.com, msctrading_depot@yahoo.com

7

**FOR THE GUARANTOR:**
Mr. Andres DELGADO
10760 NW 123rd Street
Medley, FL 33178
Tel: 786-202-8970
Email:andy@southfloridalbr.com

**Article 10**. - This **Agreement** is governed by the laws of the Republic of Haiti. All disputes arising out of or related to this **Agreement** shall be finally settled by one (1) arbitrator appointed in accordance with the Rules of Arbitration of the International Chamber of Commerce. The arbitration proceeding shall be conducted in the English language in Miami, Florida, USA. Each party shall bear its own costs associated with the resolution or arbitration of any dispute, and all fees and other costs of the arbitration proceeding shall be shared equally between the parties. The award rendered by the arbitration shall be final and binding upon both parties and judgment upon the award may be entered in any court having jurisdiction thereof. Nothing herein shall preclude either party from seeking interim equitable relief from a court of competent jurisdiction. A request by a party to a court for interim relief shall not affect either party's obligation hereunder to arbitrate.

Done and executed in good faith, in three (3) counterparts on this day of July 27th........ 2020.

**READ AND APPROVED:**

**South Florida Lumber**
**By: Mr. Andres Delgado**

ALINA GARZA MONTESINO
MY COMMISSION # GG 083973
EXPIRES: March 15, 2021
Bonded Thru Notary Public Underwriters

7/27/20

**MSC Trading, S.A.**
**By: Mr. Christopher Handal**

## PERSONAL GUARANTY OF MR. ANDRES DELGADO

Mr. **Andres DELGADO** identified by his American passport no. _450736610_ (the "**Guarantor**") who, after having acknowledge the forgoing private agreement accepts to guarantee the above described **Debt** and as such obliges himself to undertake accordingly, jointly and severally with the **Debtor** to pay the sum of **nine million eight hundred sixteen thousand three hundred eighty seven and 00/100 (USD $9,816,387.00)** (the "**Debt**") according to the terms stipulated in this agreement (the "**Guaranty**").

The **Guarantor** will also pay to the **Creditor** any and all expenses (including without limitation, reasonable legal fees and expenses) incurred by the **Creditor** in enforcing its rights under this **Guaranty**. This **Guaranty** is a guaranty of payment and not merely of collection.

The liability of the **Guarantor** under this **Guaranty** shall be irrevocable, absolute and unconditional and the **Guarantor** hereby irrevocably waives any defenses he may now or hereafter acquire in any way relating to, any or all of the following: (i) any illegality, lack of validity or enforceability of any obligation, (ii) any change in the corporate existence, structure or ownership of the **Debtor**, or any insolvency, bankruptcy, reorganization or other similar proceeding affecting the **Debtor** (iii) the existence of any claim, set-off or other rights that the **Guarantor** may have at any time against the **Debtor**.

The **Guarantor** represent and warrant that:
(i) the execution, delivery and performance by the Guarantor of this Guaranty are within his powers, and do not contravene any law or any contractual restriction binding on or affecting the **Guarantor**;
(ii) this **Guaranty** has been duly executed and delivered by the **Guarantor** and is its legal, valid and binding obligation, enforceable against the Guarantor in accordance with its terms;
(iii) The **Guarantor** acknowledges that this **Guaranty** can be applied and executed in Haiti as well as in the State of Florida, United States where the **Guarantor** resides.

*In Guaranty of the sum of nine million eight hundred sixteen thousand three hundred eighty seven and 00/100 (USD $9,816,387.00)*

**Mr. Andres Delgado**

*Good for acceptation of the surety*

**MSC Trading, S.A.**
**By : M. Christopher Handal**

ALINA GARZA MONTESINO
MY COMMISSION # GG 083973
EXPIRES: March 15, 2021
Bonded Thru Notary Public Underwriters

7/27/20



# APPENDIX A:  PAYMENT SCHEDULE

All figures in United States Dollars

| Payment Number | Due date | Minimum Monthly Payment | Minimum Additional Annual Payment | Total Payment to MSC | End of Period Balance |
|---|---|---|---|---|---|
| 0 | - | $ - | $ - | $ - | $ 9,816,387.00 |
| 1 | 31-Jul-20 | $ - | $ - | $ - | $ 9,816,387.00 |
| 2 | 31-Aug-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,736,387.00 |
| 3 | 30-Sep-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,656,387.00 |
| 4 | 31-Oct-20 | $ 80,000.00 | $ 298,524.19 | $ 378,524.19 | $ 9,277,862.81 |
| 5 | 30-Nov-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,197,862.81 |
| 6 | 31-Dec-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,117,862.81 |
| 7 | 31-Jan-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,037,862.81 |
| 8 | 28-Feb-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,957,862.81 |
| 9 | 31-Mar-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,877,862.81 |
| 10 | 30-Apr-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,797,862.81 |
| 11 | 31-May-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,717,862.81 |
| 12 | 30-Jun-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,637,862.81 |
| 13 | 31-Jul-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,557,862.81 |
| 14 | 31-Aug-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,477,862.81 |
| 15 | 30-Sep-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,397,862.81 |
| 16 | 31-Oct-21 | $ 80,000.00 | $ 895,572.56 | $ 975,572.56 | $ 7,422,290.25 |
| 17 | 30-Nov-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,342,290.25 |
| 18 | 31-Dec-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,262,290.25 |
| 19 | 31-Jan-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,182,290.25 |
| 20 | 28-Feb-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,102,290.25 |
| 21 | 31-Mar-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,022,290.25 |
| 22 | 30-Apr-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,942,290.25 |
| 23 | 31-May-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,862,290.25 |
| 24 | 30-Jun-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,782,290.25 |
| 25 | 31-Jul-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,702,290.25 |
| 26 | 31-Aug-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,622,290.25 |
| 27 | 30-Sep-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,542,290.25 |
| 28 | 31-Oct-22 | $ 80,000.00 | $ 895,572.56 | $ 975,572.56 | $ 5,566,717.69 |
| 29 | 30-Nov-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,486,717.69 |
| 30 | 31-Dec-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,406,717.69 |
| 31 | 31-Jan-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,326,717.69 |
| 32 | 28-Feb-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,246,717.69 |
| 33 | 31-Mar-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,166,717.69 |
| 34 | 30-Apr-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,086,717.69 |
| 35 | 31-May-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,006,717.69 |
| 36 | 30-Jun-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,926,717.69 |
| 37 | 31-Jul-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,846,717.69 |
| 38 | 31-Aug-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,766,717.69 |
| 39 | 30-Sep-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,686,717.69 |
| 40 | 31-Oct-23 | $ 80,000.00 | $ 895,572.56 | $ 975,572.56 | $ 3,711,145.13 |
| 41 | 30-Nov-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,631,145.13 |
| 42 | 31-Dec-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,551,145.13 |
| 43 | 31-Jan-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,471,145.13 |
| 44 | 29-Feb-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,391,145.13 |
| 45 | 31-Mar-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,311,145.13 |
| 46 | 30-Apr-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,231,145.13 |
| 47 | 31-May-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,151,145.13 |
| 48 | 30-Jun-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,071,145.13 |
| 49 | 31-Jul-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 2,991,145.13 |
| 50 | 31-Aug-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 2,911,145.13 |
| 51 | 30-Sep-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 2,831,145.13 |
| 52 | 31-Oct-24 | $ 80,000.00 | $ 895,572.56 | $ 975,572.56 | $ 1,855,572.56 |
| 53 | 30-Nov-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,775,572.56 |
| 54 | 31-Dec-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,695,572.56 |
| 55 | 31-Jan-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,615,572.56 |
| 56 | 28-Feb-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,535,572.56 |
| 57 | 31-Mar-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,455,572.56 |
| 58 | 30-Apr-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,375,572.56 |
| 59 | 31-May-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,295,572.56 |
| 60 | 30-Jun-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,215,572.56 |
| 61 | 31-Jul-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,135,572.56 |
| 62 | 31-Aug-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,055,572.56 |
| 63 | 30-Sep-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 975,572.56 |
| 64 | 31-Oct-25 | $ 80,000.00 | $ 895,572.56 | $ 975,572.56 | $ - |
| **TOTAL** | | **$ 5,040,000.00** | **$ 4,776,387.00** | **$ 9,816,387.00** | |





**MSC TRADING S.A**

Drouillard, Sarthes,
Zone Terre Noire

Phone: (509) 3499-1616/ 3662-0808

E-mail: msctrading_depot@yahoo.com

*Statement*   **BALANCE PAST DUE**

Statement #: SFL LOAN#1
Date: December 9, 2021
Customer ID: SFL LOAN

Bill To: SOUTH FLORIDA LUMBER
10760 nw 123 Street
Medley,FL 33178
(305)6658001
(305)4158314

| Date | Type | Invoice # | Description | Amount | Payment | Balance |
|------|------|-----------|-------------|--------|---------|---------|
| 5/1/2021 | | | Balance  Payment  Amount Due to MSC  (APRIL 2021) | | | $    75,025.00 |
| | | | | | | |
| 5/31/2021 | | | Payment  Amount Due to MSC (May 2021) | $   90,000.00 | $        - | $   165,025.00 |
| | | | | | | |
| 6/30/2021 | | | Payment  Amount Due to MSC (June 2021) | $   90,000.00 | $        - | $   255,025.00 |
| | | | | | | |
| 7/31/2021 | | | Payment  Amount Due to  MSC (July 2021 | $   90,000.00 | $        - | $   345,025.00 |
| | | | | | | |
| 8/30/2021 | | | Payment  Amount Due to MSC ( August 2021) | $   90,000.00 | $        - | $   435,025.00 |
| | | | | | | |
| 9/30/2021 | | | Payment  Amount Due to MSC (September 2021 | $   90,000.00 | $        - | $   525,025.00 |
| | | | | | | |
| 10/31/2021 | | | Payment  Amount Due to MSC (October 2021) | $   90,000.00 | $        - | $   615,025.00 |
| | | | | | | |
| 11/30/2021 | | | Payment  Amount Due to MSC( November 2021) | $   90,000.00 | $        - | $   705,025.00 |
| | | | | | | $        - |
| | | | | **Total** | | $   **705,025.00** |

| REMITTANCE | |
|------------|--|
| *Customer Name:* | SOUTH FLORIDA LUMBER |
| *Customer ID:* | SFL LOAN |
| *Statement #:* | SFL LOAN#1 |
| *Date:* | December 9, 2021 |
| *Amount Past Due:* | $705,025.00 |

Exhibit D



**ATTORNEYS AT LAW**

**Corporate Center Three at International Plaza**
4221 W. Boy Scout Boulevard | Suite 1000
Tampa, Florida 33607-5780
P.O. Box 3239 | Tampa, Florida 33601-3239
813.223.7000 | fax 813.229.4133
www.carltonfields.com

December 20, 2021

Donald R. Kirk
Attorney at Law
813-229-4334 Direct Dial
dkirk@carltonfields.com

Atlanta
Florham Park
Hartford
Los Angeles
Miami
New York
Orlando
Tallahassee
**Tampa**
Washington, DC
West Palm Beach

South Florida Lumber, Inc.
Attention: M. Andres Delgado
10760 NW 123rd Street
Medley, FL 33178
andy@southfloridalbr.com
**Sent via E-mail and FedEx**

Mr. Andres Delgado
10760 NW 123rd Street
Medley, FL 33178
andy@southfloridalbr.com
**Sent via E-mail and FedEx**

**Re:    Payment Default**

Dear Mr. Delgado:

As you know, this law firm has been retained by MSC Trading, S.A. ("MSC") for the purpose of collecting unpaid amounts due by South Florida Lumber, Inc. ("SFL") and you, individually, as personal guarantor ("Guarantor") pursuant to the Agreement for Recognition & Payment of Debt ("Agreement") and the Personal Guaranty of Mr. Andres Delgado dated July 27, 2020 ("Guaranty"). The deadline to make payments in accordance with my enclosed December 10, 2021 letter has passed. Therefore, MSC will pursue its legal remedies.

Carlton Fields, P.A.

Donald R. Kirk

DRK/kat

Carlton Fields, P.A.
128064700.1       Carlton Fields, P.A. practices law in California through Carlton Fields, LLP.
.



**ATTACHMENT**

**ATTORNEYS AT LAW**

**Corporate Center Three at International Plaza**
4221 W. Boy Scout Boulevard | Suite 1000
Tampa, Florida 33607-5780
P.O. Box 3239 | Tampa, Florida 33601-3239
813.223.7000 | fax 813.229.4133
www.carltonfields.com

December 10, 2021

Donald R. Kirk
Attorney at Law
813-229-4334 Direct Dial
dkirk@carltonfields.com

Atlanta
Florham Park
Hartford
Los Angeles
Miami
New York
Orlando
Tallahassee
**Tampa**
Washington, DC
West Palm Beach

South Florida Lumber, Inc.
Attention: M. Andres Delgado
10760 NW 123rd Street
Medley, FL 33178
andy@southfloridalbr.com
**Sent via E-mail, FedEx and Regular Mail**

Mr. Andres Delgado
10760 NW 123rd Street
Medley, FL 33178
andy@southfloridalbr.com
**Sent via E-mail, FedEx and Regular Mail**

      Re:    **Demand for Payment**

Dear Mr. Delgado:

      This law firm has been retained by MSC Trading, S.A. ("MSC") for the purpose of collecting unpaid amounts due by South Florida Lumber, Inc. ("SFL") and you, individually, as personal guarantor ("Guarantor") pursuant to the Agreement for Recognition & Payment of Debt ("Agreement") and the Personal Guaranty of Mr. Andres Delgado dated July 27, 2020 ("Guaranty").  Copies of the Agreement and Guaranty are enclosed.

      In the Agreement, SFL promised to make certain periodic payments to MSC in accordance with the Payment Schedule until the entire Debt, as those terms are defined in the Agreement, is paid in full.  Guarantor guaranteed each and every Debt obligation due under the Agreement.  You have failed to satisfy your monthly obligations due under the Agreement and Guaranty and in accordance with the Payment Schedule.  In particular, SFL and Guarantor have failed to satisfy their monthly obligations under the Agreement for the following months: April through November, 2021.  As of the date of this letter, the past due amount owing under the Agreement and Guaranty is at least $705,025.00, plus all applicable late fees, interest, charges, and fees incurred in connection with the default.  The past due amount grows on a daily basis.  Enclosed is an accounting reflecting the past due amount.

      Accordingly, MSC demands that you pay MSC the sum of $705,025.00 on or before December 15, 2021.  In the event you fail to timely pay the entire past due amount as requested, MSC will pursue its legal remedies.  In the event legal

December 10, 2021
Page 2

proceedings are initiated, you may be responsible for not only the principal balance due on the account and the Entire debt, but also interest, court costs, and attorney's fees.

Carlton Fields, P.A.

Donald R. Kirk

DRK/kat

## AGREEMENT FOR
## RECOGNITION & PAYMENT OF DEBT

**BETWEEN THE UNDERSIGNED:**

1) **South Florida Lumber**, **Co.** ("**SFL**") a corporation registered in the State of Florida having its registered office in Miami, Florida where it is represented by its owner, Mr. Andres Delgado identified by his American passport no. _450736610_ ;
Hereafter called the « **Debtor** » ;

**AND:**

2) **MSC Trading, S.A. ("MSC")**, a Haitian corporation having its registered office in Port-au-Prince, Haiti where it is represented by the President of its Board M. Christopher Handal identified by his ID no. 003-479-089-9;
Hereafter called the "**Creditor**"

**MSC** and **SFL** hereafter jointly referred to as the **Parties** or individually as a **Party**.

## PREAMBLE

**Whereas SFL** is a major wholesale importer and exporter of lumber;

**Whereas SFL** has been supplying lumber to **MSC** for over 10 years;

**Whereas** the **Parties** acknowledge that during the period from 2016 to 2019 **Creditor** has made surplus payments to the **Debtor** on various shipments that as of June 30, 2020 aggregate to a net amount of **eight million two hundred and five thousand dollars and 00/100 (USD $8,205,000.00)** (the "**Capital Amount**");

**Whereas** the **Parties** have agreed to enter into this agreement (the "**Agreement**") in order to (i) confirm the amount of the **Capital Amount** and (ii) define the terms for its repayment.

## IT HAS BEEN AGREED AS FOLLOWS

**Article 1. South Florida Lumber, Co.,** the **Debtor**, hereby acknowledges that it is indebted unto and in favor of **MSC Trading, S.A.,** the **Creditor,** in an amount of **nine million eight hundred sixteen thousand three hundred eighty-seven and 00/100 (USD $9,816,387.00)** (the "**Debt**"). The **Debt** consisting of (i) the **Capital Amount**; and (ii) an amount of **one million six hundred eleven thousand three hundred eighty seven and 00/100 (USD $1,611,387.00)** ("**Interest**")

1

reflecting interest payments on bank debt accumulated by the **Creditor** as a result of the accumulated surplus payments made to the **Debtor**.

**Article 2.** The **Debtor** agrees to pay the full amount of the **Debt**.

**Article 3.** The **Parties** agree that the payment of the **Debt** will be fulfilled through a combination of the following methods: (i) with merchandise to be shipped from the **Debtor** to the **Creditor,** (ii) by wire transfer or check to the **Creditor** or (iii) through other credits that are confirmed by each **Party** to be made by the **Debtor** and to the full benefit of the **Creditor** (collectively (i), (ii) and (iii) shall hereinafter be referred to as the "**Equalization Payment**")**.** The **Debtor** agrees (i) to make timely and full payments to the **Creditor** based on the payment schedule outlined in Appendix A and attached herewith (the "**Payment Schedule**"), (ii) that in no circumstances will the amount of the **Equalization Payment** payable to the **Creditor** on a monthly basis be less than the minimum monthly payment amount ("**Minimum Monthly Payment**") indicated in the **Payment Schedule** and (iii) that in no circumstances will the additional amount of **Equalization Payment** payable to the **Creditor** on an annual basis on or before October 31 of each calendar year starting October 31, 2020 through October 31, 2025 ("**Minimum Additional Annual Payment**") be less than the amounts indicated in the **Payment Schedule**. . In the case of payment by check or wire transfer the **Creditor** will provide the **Debtor** with the information needed for the payment to be done. In any event unless otherwise instructed payments may be done on the Unibank account detailed in the document attached herein as Appendix B.

**Article 4.** The **Debtor** shall not be subject to any additional monthly interest payments on the **Debt** as long as (i) the **Minimum Monthly Payment** is made on a timely basis every month, (ii) the **Minimum Additional Annual Payment** is made on a timely basis every year before October 31st of each calendar year; and, (iii) the **Debt** is paid off in full prior to November 1, 2025.  The **Creditor** will continue to calculate interest payments at a rate of one percent (1.00%) per month based on the outstanding balance of the **Capital Amount** at the end of each calendar month starting with the balance at June 30, 2020, and will keep a running balance of such interest (the "**Accumulated Interest**"), a copy of which can be provided to the **Debtor** upon request. However, in the event any portion of either the **Minimum Monthly Payment or the Minimum Additional Annual Payment** is not received on time, the balance of the **Debt** shall be increased by the monthly interest for that portion and for the period until such time as the payment is made to **Creditor** to become current, and should the **Debt** not be reduced to a zero balance on or before October 31, 2025, on November 1, 2025 the **Debt** will be increased by the full amount of the **Accumulated Interest** and the new balance will be due and payable immediately to the **Creditor**. However, if the **Debtor** makes a payment in excess of either the **Minimum Monthly Payment** or the **Minimum Additional Annual Payment** ("the "**Overpayment**"), then the **Debtor** would



receive a concession of one percent (1.00%) on the amount of the **Overpayment**, but the entire gross amount of the payment would be credited towards reducing the balance of the **Debt**.

**Article 5.** The **Parties** agree that anticipated payments can be made on the balance of the **Debt** at any time during the contract without any penalties for the **Debtor**.

**Article 6. MSC** agrees that, for as long as it is in the lumber business and for as long as **SFL** respects its obligations hereunder and remains competitive with the quality and the prices of the merchandise sold, **MSC** will continue to purchase from **SFL** with the possibility to start with new products and new volumes based on Haitian market demand.

**Article 7.** This **Agreement** embodies the entire agreement and understanding between the Parties with respect to the subject matter of the **Agreement** and supersedes all prior agreements and understandings, whether written or oral, unless expressly provided otherwise herein. No amendment, modification, or termination of this **Agreement**, unless expressly provided otherwise herein, shall be valid unless made in writing and signed by each of the Parties.

**Article 8.** If any provision of this **Agreement** is held to be unenforceable, such provision shall be fully severable and the remaining provisions of this **Agreement** shall remain in full force and effect.

**Article 9.** All notification to be done in relation to the present agreement from one party to the other will need to be done by letter with acknowledgement of delivery at the following addresses with certified copies to the guarantor:

**FOR THE DEBTOR:**
SOUTH FLORIDA LUMBER INC:
Attention M. Andres DELGADO
10760 NW 123rd Street
Medley, FL 33178
Tel:786-202-8970
Email:andy@southfloridalbr.com

**FOR THE CREDITOR**:
MSC TRADING, S.A:
Attention M. Christopher Handal
#44, Boulevard du 15 Octobre
Tabarre, Haïti
Tel: (509) 3729-7777
Email: msctrading@aol.com

3

# APPENDIX A:  PAYMENT SCHEDULE

All figures in United States Dollars

| Payment Number | Due date | Minimum Monthly Payment | Minimum Additional Annual Payment | Total Payment to MSC | End of Period Balance |
|---|---|---|---|---|---|
| 0 | - | | - | - | $ 9,816,387.00 |
| 1 | 31-Jul-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,736,387.00 |
| 2 | 31-Aug-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,656,387.00 |
| 3 | 30-Sep-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,576,387.00 |
| 4 | 31-Oct-20 | $ 80,000.00 | $ 293,524.19 | $ 373,524.19 | $ 9,202,862.81 |
| 5 | 30-Nov-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,122,862.81 |
| 6 | 31-Dec-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,042,862.81 |
| 7 | 31-Jan-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,962,862.81 |
| 8 | 28-Feb-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,882,862.81 |
| 9 | 31-Mar-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,802,862.81 |
| 10 | 30-Apr-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,722,862.81 |
| 11 | 31-May-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,642,862.81 |
| 12 | 30-Jun-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,562,862.81 |
| 13 | 31-Jul-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,482,862.81 |
| 14 | 31-Aug-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,402,862.81 |
| 15 | 30-Sep-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,322,862.81 |
| 16 | 31-Oct-21 | $ 80,000.00 | $ 880,572.56 | $ 960,572.56 | $ 7,362,290.25 |
| 17 | 30-Nov-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,282,290.25 |
| 18 | 31-Dec-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,202,290.25 |
| 19 | 31-Jan-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,122,290.25 |
| 20 | 28-Feb-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,042,290.25 |
| 21 | 31-Mar-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,962,290.25 |
| 22 | 30-Apr-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,882,290.25 |
| 23 | 31-May-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,802,290.25 |
| 24 | 30-Jun-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,722,290.25 |
| 25 | 31-Jul-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,642,290.25 |
| 26 | 31-Aug-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,562,290.25 |
| 27 | 30-Sep-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,482,290.25 |
| 28 | 31-Oct-22 | $ 80,000.00 | $ 880,572.56 | $ 960,572.56 | $ 5,521,717.69 |
| 29 | 30-Nov-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,441,717.69 |
| 30 | 31-Dec-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,361,717.69 |
| 31 | 31-Jan-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,281,717.69 |
| 32 | 28-Feb-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,201,717.69 |
| 33 | 31-Mar-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,121,717.69 |
| 34 | 30-Apr-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,041,717.69 |
| 35 | 31-May-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,961,717.69 |
| 36 | 30-Jun-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,881,717.69 |
| 37 | 31-Jul-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,801,717.69 |
| 38 | 31-Aug-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,721,717.69 |
| 39 | 30-Sep-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,641,717.69 |
| 40 | 31-Oct-23 | $ 80,000.00 | $ 880,572.56 | $ 960,572.56 | $ 3,681,145.13 |
| 41 | 30-Nov-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,601,145.13 |
| 42 | 31-Dec-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,521,145.13 |
| 43 | 31-Jan-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,441,145.13 |
| 44 | 29-Feb-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,361,145.13 |
| 45 | 31-Mar-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,281,145.13 |
| 46 | 30-Apr-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,201,145.13 |
| 47 | 31-May-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,121,145.13 |
| 48 | 30-Jun-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,041,145.13 |
| 49 | 31-Jul-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 2,961,145.13 |
| 50 | 31-Aug-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 2,881,145.13 |
| 51 | 30-Sep-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 2,801,145.13 |
| 52 | 31-Oct-24 | $ 80,000.00 | $ 880,572.56 | $ 960,572.56 | $ 1,840,572.56 |
| 53 | 30-Nov-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,760,572.56 |
| 54 | 31-Dec-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,680,572.56 |
| 55 | 31-Jan-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,600,572.56 |
| 56 | 28-Feb-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,520,572.56 |
| 57 | 31-Mar-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,440,572.56 |
| 58 | 30-Apr-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,360,572.56 |
| 59 | 31-May-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,280,572.56 |
| 60 | 30-Jun-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,200,572.56 |
| 61 | 31-Jul-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,120,572.56 |
| 62 | 31-Aug-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,040,572.56 |
| 63 | 30-Sep-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 960,572.56 |
| 64 | 31-Oct-25 | $ 80,000.00 | $ 880,572.56 | $ 960,572.56 | $ - |
| | **TOTAL** | **$ 5,120,000.00** | **$ 4,696,387.00** | **$ 9,816,387.00** | $ |

## APPENDIX B: UNIBANK ACCOUNT DETAILS



## BANK INFOS  UNIBANK  -  MSC TRADING S.A.

| | | |
|---|---|---|
| **INTERMEDIARY BANK** | : | **BANK OF NEW YORK** |
| **ADDRESS** | : | **ONE WALL STREET, NEW YORK,  NY 10286** |
| **ABA NO.** | : | **021-000-018** |
| **SWIFT NO.** | : | **IRVTUS3N** |
| **BENEFICIARY BANK** | : | **U N I B A N K  S.A.** |
| **BENEFICIARY ACCT.** | : | **890-0570-881** |
| **BENEFICIARY SWIFT** | : | **UBNKHTPP** |
| **For Further Credit to** | : | **M S C  TRADING S.A.** |
| **ADRESS** | : | **44 BOULEVARD 15 OCTOBRE, TABARRE HAITI,  HT 6124** |
| **ACCOUNT NO.** | : | **277-1022-935781** |



44, Blvd. 15 Octobre, Tabarre, Haiti
Tél.: 3662-0809 / 3462-1111
email:msctrading@aol.com

44, Boulevard 15 Octobre, Tabarre, Haiti - Drouillard Route Nationale #1
Tél: (509)  34 62 11 11 • 34 99 16 16 • 36 41 11 11
msctrading@aol.com, msctrading_depot@yahoo.com

7

**FOR THE GUARANTOR:**
Mr. Andres DELGADO
10760 NW 123rd Street
Medley, FL 33178
Tel: 786-202-8970
Email:andy@southfloridalbr.com

**Article 10.** - This **Agreement** is governed by the laws of the Republic of Haiti. All disputes arising out of or related to this **Agreement** shall be finally settled by one (1) arbitrator appointed in accordance with the Rules of Arbitration of the International Chamber of Commerce. The arbitration proceeding shall be conducted in the English language in Miami, Florida, USA. Each party shall bear its own costs associated with the resolution or arbitration of any dispute, and all fees and other costs of the arbitration proceeding shall be shared equally between the parties. The award rendered by the arbitration shall be final and binding upon both parties and judgment upon the award may be entered in any court having jurisdiction thereof. Nothing herein shall preclude either party from seeking interim equitable relief from a court of competent jurisdiction. A request by a party to a court for interim relief shall not affect either party's obligation hereunder to arbitrate.

Done and executed in good faith, in three (3) counterparts on this day of _July 27th_ ...... 2020.

**READ AND APPROVED:**

**South Florida Lumber**
**By: Mr. Andres Delgado**

ALINA GARZA MONTESINO
MY COMMISSION # GG 083973
EXPIRES: March 15, 2021
Bonded Thru Notary Public Underwriters

7/27/20

**MSC Trading, S.A.**
**By: Mr. Christopher Handal**

4

## PERSONAL GUARANTY OF MR. ANDRES DELGADO

Mr. **Andres DELGADO** identified by his American passport no. 450736610 (the "**Guarantor**") who, after having acknowledge the forgoing private agreement accepts to guarantee the above described **Debt** and as such obliges himself to undertake accordingly, jointly and severally with the **Debtor** to pay the sum of **nine million eight hundred sixteen thousand three hundred eighty seven and 00/100 (USD $9,816,387.00)** (the "**Debt**") according to the terms stipulated in this agreement (the "**Guaranty**").

The **Guarantor** will also pay to the **Creditor** any and all expenses (including without limitation, reasonable legal fees and expenses) incurred by the **Creditor** in enforcing its rights under this **Guaranty**. This **Guaranty** is a guaranty of payment and not merely of collection.

The liability of the **Guarantor** under this **Guaranty** shall be irrevocable, absolute and unconditional and the **Guarantor** hereby irrevocably waives any defenses he may now or hereafter acquire in any way relating to, any or all of the following: (i) any illegality, lack of validity or enforceability of any obligation, (ii) any change in the corporate existence, structure or ownership of the **Debtor**, or any insolvency, bankruptcy, reorganization or other similar proceeding affecting the **Debtor** (iii) the existence of any claim, set-off or other rights that the **Guarantor** may have at any time against the **Debtor**.

The **Guarantor** represent and warrant that:
(i) the execution, delivery and performance by the Guarantor of this Guaranty are within his powers, and do not contravene any law or any contractual restriction binding on or affecting the **Guarantor**;
(ii) this **Guaranty** has been duly executed and delivered by the **Guarantor** and is its legal, valid and binding obligation, enforceable against the Guarantor in accordance with its terms;
(iii) The **Guarantor** acknowledges that this **Guaranty** can be applied and executed in Haiti as well as in the State of Florida, United States where the **Guarantor** resides.

*In Guaranty of the sum of nine million eight hundred sixteen thousand three hundred eighty seven and 00/100 (USD $9,816,387.00)*

**Mr. Andres Delgado**

*Good for acceptation of the surety*

**MSC Trading, S.A.**
**By : M. Christopher Handal**

ALINA GARZA MONTESINO
MY COMMISSION # GG 083973
EXPIRES: March 15, 2021
Bonded Thru Notary Public Underwriters

7/27/20

5



# APPENDIX A: PAYMENT SCHEDULE

All figures in United States Dollars

| Payment Number | Due date | Minimum Monthly Payment | Minimum Additional Annual Payment | Total Payment to MSC | End of Period Balance |
|---|---|---|---|---|---|
| 0 | - | $ - | $ - | $ - | $ 9,816,387.00 |
| 1 | 31-Jul-20 | $ - | $ - | $ - | $ 9,816,387.00 |
| 2 | 31-Aug-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,736,387.00 |
| 3 | 30-Sep-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,656,387.00 |
| 4 | 31-Oct-20 | $ 80,000.00 | $ 298,524.19 | $ 378,524.19 | $ 9,277,862.81 |
| 5 | 30-Nov-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,197,862.81 |
| 6 | 31-Dec-20 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,117,862.81 |
| 7 | 31-Jan-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 9,037,862.81 |
| 8 | 28-Feb-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,957,862.81 |
| 9 | 31-Mar-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,877,862.81 |
| 10 | 30-Apr-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,797,862.81 |
| 11 | 31-May-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,717,862.81 |
| 12 | 30-Jun-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,637,862.81 |
| 13 | 31-Jul-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,557,862.81 |
| 14 | 31-Aug-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,477,862.81 |
| 15 | 30-Sep-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 8,397,862.81 |
| 16 | 31-Oct-21 | $ 80,000.00 | $ 895,572.56 | $ 975,572.56 | $ 7,422,290.25 |
| 17 | 30-Nov-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,342,290.25 |
| 18 | 31-Dec-21 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,262,290.25 |
| 19 | 31-Jan-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,182,290.25 |
| 20 | 28-Feb-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,102,290.25 |
| 21 | 31-Mar-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 7,022,290.25 |
| 22 | 30-Apr-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,942,290.25 |
| 23 | 31-May-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,862,290.25 |
| 24 | 30-Jun-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,782,290.25 |
| 25 | 31-Jul-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,702,290.25 |
| 26 | 31-Aug-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,622,290.25 |
| 27 | 30-Sep-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 6,542,290.25 |
| 28 | 31-Oct-22 | $ 80,000.00 | $ 895,572.56 | $ 975,572.56 | $ 5,566,717.69 |
| 29 | 30-Nov-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,486,717.69 |
| 30 | 31-Dec-22 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,406,717.69 |
| 31 | 31-Jan-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,326,717.69 |
| 32 | 28-Feb-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,246,717.69 |
| 33 | 31-Mar-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,166,717.69 |
| 34 | 30-Apr-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,086,717.69 |
| 35 | 31-May-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 5,006,717.69 |
| 36 | 30-Jun-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,926,717.69 |
| 37 | 31-Jul-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,846,717.69 |
| 38 | 31-Aug-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,766,717.69 |
| 39 | 30-Sep-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 4,686,717.69 |
| 40 | 31-Oct-23 | $ 80,000.00 | $ 895,572.56 | $ 975,572.56 | $ 3,711,145.13 |
| 41 | 30-Nov-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,631,145.13 |
| 42 | 31-Dec-23 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,551,145.13 |
| 43 | 31-Jan-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,471,145.13 |
| 44 | 29-Feb-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,391,145.13 |
| 45 | 31-Mar-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,311,145.13 |
| 46 | 30-Apr-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,231,145.13 |
| 47 | 31-May-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,151,145.13 |
| 48 | 30-Jun-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 3,071,145.13 |
| 49 | 31-Jul-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 2,991,145.13 |
| 50 | 31-Aug-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 2,911,145.13 |
| 51 | 30-Sep-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 2,831,145.13 |
| 52 | 31-Oct-24 | $ 80,000.00 | $ 895,572.56 | $ 975,572.56 | $ 1,855,572.56 |
| 53 | 30-Nov-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,775,572.56 |
| 54 | 31-Dec-24 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,695,572.56 |
| 55 | 31-Jan-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,615,572.56 |
| 56 | 28-Feb-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,535,572.56 |
| 57 | 31-Mar-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,455,572.56 |
| 58 | 30-Apr-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,375,572.56 |
| 59 | 31-May-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,295,572.56 |
| 60 | 30-Jun-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,215,572.56 |
| 61 | 31-Jul-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,135,572.56 |
| 62 | 31-Aug-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 1,055,572.56 |
| 63 | 30-Sep-25 | $ 80,000.00 | $ - | $ 80,000.00 | $ 975,572.56 |
| 64 | 31-Oct-25 | $ 80,000.00 | $ 895,572.56 | $ 975,572.56 | $ - |
| | **TOTAL** | **$ 5,040,000.00** | **$ 4,776,387.00** | **$ 9,816,387.00** | |





**MSC TRADING S.A**
Drouillard, Sarthes,
Zone Terre Noire

Phone: (509) 3499-1616/ 3662-0808

E-mail: msctrading_depot@yahoo.com

*Statement*   **BALANCE PAST DUE**

| | |
|---|---|
| Statement #: SFL LOAN#1 | Bill To: SOUTH FLORIDA LUMBER |
| Date: December 9, 2021 | 10760 nw 123 Street |
| Customer ID: SFL LOAN | Medley,FL 33178 |
| | (305)6658001 |
| | (305)4158314 |

| Date | Type | Invoice # | Description | Amount | Payment | Balance |
|---|---|---|---|---|---|---|
| 5/1/2021 | | | Balance  Payment  Amount Due to MSC  (APRIL 2021) | | | $       75,025.00 |
| | | | | | | |
| 5/31/2021 | | | Payment  Amount Due to MSC (May 2021) | $   90,000.00 | $          - | $      165,025.00 |
| | | | | | | |
| 6/30/2021 | | | Payment  Amount Due to MSC (June 2021) | $   90,000.00 | $          - | $      255,025.00 |
| | | | | | | |
| 7/31/2021 | | | Payment  Amount Due to  MSC (July 2021 | $   90,000.00 | $          - | $      345,025.00 |
| | | | | | | |
| 8/30/2021 | | | Payment  Amount Due to MSC ( August 2021) | $   90,000.00 | $          - | $      435,025.00 |
| | | | | | | |
| 9/30/2021 | | | Payment  Amount Due to MSC (September 2021 | $   90,000.00 | $          - | $      525,025.00 |
| | | | | | | |
| 10/31/2021 | | | Payment  Amount Due to MSC (October 2021) | $   90,000.00 | $          - | $      615,025.00 |
| | | | | | | |
| 11/30/2021 | | | Payment  Amount Due to MSC( November 2021) | $   90,000.00 | $          - | $      705,025.00 |
| | | | | | | |
| | | | | | | $            - |
| | | | | **Total** | | $      705,025.00 |

| REMITTANCE | |
|---|---|
| Customer Name: | SOUTH FLORIDA LUMBER |
| Customer ID: | SFL LOAN |
| Statement #: | SFL LOAN#1 |
| Date: | December 9, 2021 |
| Amount Past Due: | $705,025.00 |