## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 22-20075-CV-GAYLES/TORRES

MSC TRADING, S.A.,

> *Plaintiff*,

v.

ANDRES PABLO DELGAO, and
SOUTH FLORIDA LUMBER CO.,

> *Defendants.*

_____/

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendants Andres Pablo Delgado's ("Delgado") and South Florida Lumber Co.'s ("SFL") (collectively referred to as "Defendants") motion to dismiss the amended complaint. [D.E. 26]. MSC Trading, S.A. ("MSC" or "Plaintiff") responded to the motion on September 29, 2022 [D.E. 27] to which Defendants replied on October 6, 2022. [D.E. 28]. Therefore, Defendants' motion is now ripe for disposition[1]. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendants' motion to dismiss should be **GRANTED in part without prejudice and DENIED in part.**

---

[1] On April 11, 2023, the Honorable Judge Darrin P. Gayles referred Defendants' motion to dismiss to the undersigned Magistrate Judge for disposition.

# I.   BACKGROUND

SFL is a wholesale importer and exporter of lumber that has sold lumber to MSC for over ten years. [D.E. 18 at 2]. Between 2016 and 2019, however, SFL overcharged MSC on invoices aggregating to a net amount of $8,205,000.00 (the "Overcharges"). *Id*. Accordingly, on July 27, 2020, MSC and SFL executed an Agreement for Recognition & Payment of Debt (the "Agreement") to confirm that MSC made surplus payments on overcharged invoices to SFL on various shipments. The Agreement set forth the terms for its repayment. *Id*. at 2-3.

Specifically, the Agreement defines SFL as the "Debtor" and Plaintiff as the "Creditor." [D.E. 18-1 at 1]. It states that the Debtor acknowledges that it is indebted unto the Creditor in an amount of $9,816,387.00 (the "Debt"). *Id*. In addition, the Agreement incorporates a payment schedule that outlines SFL's payment obligations from July 2020 to October 2025, by which the debt should be fully satisfied. *Id*. at 6. In conjunction with the Agreement, Delgado executed a personal guaranty of the payment of the Debt to MSC (the "Guaranty"). *Id*. at 5. Delgado acknowledged the Agreement and obligated himself, jointly and severally with SFL, to the payment of the Debt. *Id*.

In the months following execution of the Agreement and Guaranty, SFL paid a total of $712,703.08, leaving an outstanding balance of $9,103,683.92, plus interest, attorney's fees, and costs (the "Unpaid Debt"). [D.E. 18 at 4]. Plaintiff now alleges that, beginning in April 2022, SFL has failed to timely make payments under the Agreement and Delgado has failed to honor its obligations under the Guaranty. *Id*.

at 4-5. The Agreement contains an arbitration provision, the applicability of which has been subject to prior filings and orders in this Case, and which was found applicable to the Guaranty; however, the parties have waived their respective rights with respect to such arbitration provision. *Id*. at 5.

On August 26, 2022 MSC filed a 6-count amended complaint:

Count I: Breach of Agreement against SFL;

Count II: Unjust Enrichment against SFL;

Count III: Fraud/ Fraudulent Misrepresentation against SFL;

Count IV: Fraudulent Inducement against SFL;

Count V[2]: Breach of Guaranty against Delgado; and

Count VI[3]: Fraud/ Fraudulent Misrepresentation/ Fraudulent Inducement against SFL and Delgado

*Id*. at 6-10. Defendants seek to dismiss the Amended Complaint for the reasons discussed below.

## II.    *APPLICABLE PRINCIPLES AND LAW*

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory statements, assertions or labels will not survive a Rule 12(b)(6) motion to dismiss. *Id.*

---

[2] This count is mislabeled as Count IV in the Amended Complaint.
[3] This count is mislabeled as Count IV in the Amended Complaint.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (setting forth the plausibility standard). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citation omitted). Additionally:

> Although it must accept well-plead facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

*Sinaltrainal v. Coca-Cola*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449, 453 n.2 (2012). The Eleventh Circuit has endorsed a "two-pronged approach" in applying these principles: (1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (internal questions omitted).

### III.    ANALYSIS

Defendants seek to dismiss the Amended Complaint for three reasons. First, Defendants argue that the Complaint does not allege that Plaintiff has paid the required Florida documentary stamp taxes to bring this action, nor does it make any allegations that Plaintiff has satisfied all conditions precedent necessary to survive dismissal at this stage. [D.E. 26 at 2]. Second, Defendants argue that Counts III, IV, and VI lack the specificity required by Federal Rule of Civil Procedure 9(b) and, therefore, fail to state a claim. *Id*. Third, Defendants argue that Counts III, IV and VI attempt to reframe the breach of agreement as to SFL and breach of guaranty as to Delgado as tort claims, contrary to the independent tort doctrine, and therefore those counts should be dismissed under that doctrine. *Id*.

### A.  *The Documentary Stamp Tax is a Condition Precedent*

Defendants first argue that Plaintiff's complaint should be dismissed because Plaintiff does not allege that it has paid the required Florida documentary stamp taxes to bring this action, nor does it at least allege it has satisfied all conditions precedent to file the action.  These predicates are necessary to survive dismissal at this stage. [D.E. 26 at 3]. Defendants rely on Fla. Stat. § 201.08, which provides that "mortgage, trust deed, or other instrument shall not be enforceable in any court of this state as to any such advance unless and until the tax due thereon upon each advance that may have been made thereunder has been paid." Plaintiff's response to this argument is that the Agreement at issue is not a promissory note and therefore, the statute does not apply to this case.  Our review of this issue shows that Plaintiff

is mistaken; the Agreement alleged in the Complaint qualifies as a promissory note for purposes of this statute.

Black's Law Dictionary defines a note as "[a] written promise by one party (the *maker*) to pay money to another party (the *payee*) or to bearer; A note is a two-party negotiable instrument, unlike a draft (which is a three-party instrument). — Also termed *promissory note*." *See* NOTE, Black's Law Dictionary (11th ed. 2019) (note *n.* (17c)). In addition, a promissory note is "[a]n unconditional written promise, signed by the maker, to pay absolutely and in any event a certain sum of money either to, or to the order of, the bearer or a designated person. *See* NOTE, Black's Law Dictionary (11th ed. 2019) (promissory note. (18c)).

Florida law incorporates these definitions and enforces promissory notes because they are instruments that evidence personal obligations for a fixed sum, which is all that is required for a negotiable instrument. *See, e.g., Lenfesty v. Coe*, 34 Fla. 363, 366, 16 So. 277, 278 (1894) (a note is a negotiable instrument that evidences a personal obligation from debtor to creditor); *Third Fed. Sav. & Loan Ass'n of Cleveland v. Koulouvaris*, 247 So. 3d 652, 655 (Fla. 2d DCA 2018) (note is a negotiable instrument that amounts to an unconditional promise to pay a fixed sum of money with or without interest) (citing Fla. Stat. 673.1041(1) (an instrument is a "note" if it is a promise to pay a fixed sum of money and is payable to the bearer without additional conditions).

Based on these elemental principles, the Agreement here qualifies as a note. It evidences a written promise signed by both parties that unambiguously provides

that "[t]he Debtor [(SFL)] agrees to pay the full amount of the Debt." [D.E. 18-1 at 2]. The Agreement fits neatly into the definition of a promissory note. In addition, this Court has previously defined the Agreement as a promissory note. [D.E. 14 at 2]. Therefore, we conclude that the Agreement is a promissory note.

Plaintiff argues that even if we declare the Agreement to be a promissory note it would still not have to pay the documentary stamp taxes under the exemption found in Fla. Stat. § 201.23(1). [D.E. 27 at 4]. Plaintiff's reliance on this provision is also incorrect. Section 201.23(1) provides, in relevant part:

> (1) There shall be exempt from all excise taxes imposed by this chapter:
> (a) All promissory notes, nonnegotiable notes, and other written obligations to pay money bearing date on or after July 1, 1977, if the makers thereof or the obligors thereunder, at the time of the making or execution thereof, are individuals residing outside the United States or business organizations or other persons located outside the United States.

While it is true that Plaintiff is a Haitian corporation with its place of business in Port-au-Prince, Haiti, Plaintiff is *not* the "maker" of the promissory note. As defined above, the "maker" is the person who promises to pay money to the "payee". Hence, the "maker" and "obligor" of the note is SFL and SFL is a Florida corporation. Therefore, we conclude that the exemption found under § 201.23(1) does not apply. And as a non-exempt Note, payment of documentary stamp taxes is a condition precedent under the statute.

Florida's case law reflects the importance of exhibiting that the documentary stamp taxes have been paid by pleading that in a complaint. The pleading burden is quite low to satisfy the requirement. *See Suntrust Bank v. Hamway*, No. 09-61323-

CIV, 2010 WL 146868 at *5 (S.D. Fla. Jan. 11, 2010) (denying the motion to dismiss because the note attached to the amended complaint specifically reflects payment of the tax stamps, and therefore, the plaintiff has done more than aver generally that the tax stamps were paid); *Nodus Int'l Bank, Inc. v. Arocha Hernandez*, 511 F. Supp. 3d 1316, 1323 (S.D. Fla. 2021) (denying the motion to dismiss because the plaintiff alleged that "all conditions precedent to bringing this lawsuit have been performed, excused, and/or waived" and this is an adequately pleaded compliance with the stamp tax requirement); *Atlantic Tech Systems, LLC v. Advanced Lifts & Elevators, Inc.*, No. 08-81376-CIV, 2009 WL 1211003 at *2 (S.D. Fla. May 4, 2009) (denying the defendant's motion to dismiss because the plaintiff pleaded "all conditions precedent" have been met, and therefore, met its pleading burden with respect to the payment of documentary taxes).

Given that minimal pleading burden, when a complaint does not allege, even generally, that the documentary stamp taxes have been paid or that all conditions precedent have been satisfied to bring the claim, then a court should dismiss the claims under Fla. Stat. § 201.08. *See Ben Fu Li v. Tan*, No. 17-CV060363, 2017 WL 2464680 (S.D. Fla. June 7, 2017); *Somma v. Metra Electronics Corp.,* 727 So. 2d 302, 303 (Fla. 5th DCA 1999) (reversing and remanding the case because the lawsuit should have been dismissed based on the fact that the note did not have documentary tax stamps affixed, and the plaintiff did not offer any evidence that the taxes due on the note had been paid); *Kotzen v. Levine*, 678 F.2d 140 (11th Cir. 1982) (affirming

dismissal of action without prejudice after jury trial when the plaintiff failed to present evidence that taxes on the promissory notes had been paid).

In *Ben Fu Li*, for instance, the defendant borrowed $100,000 from the plaintiff and promised to pay the money back by a certain date; however, the defendant defaulted on the agreement. *Ben Fu Li*, 2017 WL 2464680, at *1. The plaintiff filed suit against the defendant alleging claims for "promissory note" (count one) and "money lent" (count two) based on the defendant's alleged default on the agreement. *Id*. The defendant moved to dismiss the complaint arguing that the plaintiff failed to satisfy all conditions precedent for the enforcement of a promissory note, specifically that plaintiff failed to allege that he complied with Fla. Stat. § 201.08. *Id*. The Court granted the motion to dismiss for failure to state a claim, holding a promissory note is not enforceable unless documentary taxes have been paid. *Id*. at *2. The plaintiff failed to allege that he paid the requisite documentary taxes on the promissory note, and, in fact, did not even allege that he satisfied ***any*** conditions precedent that required dismissal of the claim. *Id*.

Like the plaintiff in *Ben Fu Li*, our Plaintiff has failed to allege that it has satisfied any conditions precedent to bringing this action. There is nothing in the amended complaint that alludes to the fact that documentary stamp taxes have been paid, nor is there any allegation that Plaintiff satisfied any conditions precedent.

Plaintiff, nevertheless, argues that the documentary stamp tax requirement does not apply to the Agreement because the Agreement is an unsecured promissory note and Fla. Stat. § 201.08 only bars enforcement of secured instruments for

nonpayment of documentary stamp taxes. [D.E. 27 at 4].   But this alternative argument fails as well because it is not viable under Florida law.

Plaintiff heavily relies on one Florida decision to support its argument that § 201.08 does not apply to this unsecured note. In *Glenn Wright Homes*, the appellants delivered a promissory note for a loan of $300,000 to the appellee due and payable in a year (with certain exceptions). *Glenn Wright Homes (Delray), LLC v. Lowy*, 18 So. 3d 693, 694 (Fla. 4th DCA 2009). No documentary stamps were placed on the note and the note was not secured by any recorded instrument. *Id*. The appellants defaulted on the note and the appellee moved for summary judgment. *Id*. The court inquired as to whether the documentary stamps had been paid on the note pursuant to Fla. Stat § 201.08. *Id*. at 694-695. Upon learning this condition had not been satisfied, the appellee paid the taxes and provided proof to the court. *Id*. at 695. The court then entered final summary judgment for that plaintiff, reserving jurisdiction to determine entitlement and amount of an award of attorney's fees to the appellee. *Id*. The appellee filed a motion for entitlement to attorney's fees and costs, but the appellant argued that the appellee was not entitled to fees because the documentary tax stamps on the note were not paid until after the summary judgment hearing, hence the note was not enforceable when the complaint was filed. *Id*.

The court held that § 201.08(1) does not prohibit enforcement of an unsecured promissory note in Florida for nonpayment of the documentary stamp tax. *Id*. at 696. The statute contains no prohibition against enforcement for failure to pay the tax on a promissory note, other than one securing future advances. *Id*. In addition, the first

subsection makes no reference to a prohibition of enforcement of a promissory note prior to paying the tax on the note. *Id. See also Grant v. Pottinger-Gibson*, 725 Fed. Appx. 772, 776-777 (11th Cir. 2018) (citing *Glenn Wright Homes* in finding that "[the plaintiff's] failure to attach tax stamps to the Note did not render it unenforceable under Florida law.").

While there is no provision that prohibits the enforcement of an unsecured promissory note for the nonpayment of the documentary stamp tax, *Glenn Wright* is distinguishable from our case because the plaintiff in *Glenn Wright* paid the documentary stamp taxes. Here, Plaintiff has not, nor has alleged to have, paid the required documentary stamp taxes. In addition, this Court (including Judge Gayles) has already rejected *Glenn Wright* as it expresses a minority opinion that is in conflict with the Third and Fifth District Courts of Appeal, and numerous decisions of the Southern District of Florida. *See Ben Fu Li*, No. 17-CV060363, 2017 WL 2464680 at *2 ("However, in *Glenn Wright*, Florida's Fourth District Court of Appeal disagreed with the Florida's Third and Fifth Circuit Courts of Appeal and with several decisions in this district. This Court adopts the majority rule that a promissory note is not enforceable unless documentary taxes have been paid."); *see also Somma*, 727 So. 2d at 303 ("[P]romissory notes for which documentary taxes have not been paid are, as a matter of law, unenforceable by any Florida court."); *Atlantic Tech Systems*, 2009 WL 1211003 at *2 ("To be sure, to prevail on a claim for breach of promissory note, Plaintiff will be required to demonstrate prior to final judgment, that the documentary taxes have been paid.").

Therefore, this motion as to Count I is due to be **granted without prejudice**. The Plaintiff has requested a reasonable period of time to pay such taxes and to file a further amended complaint regarding such payment. [D.E. 27 at 14-15]. *Somma* approves of that remedy:

> [P]romissory notes for which documentary taxes have not been paid are, as a matter of law, unenforceable by any Florida court. In an action to enforce such a note, once the court discovers that the documentary taxes have not been paid, the court must dismiss the action without prejudice, or upon proper motion abate the action for a time sufficient to enable the plaintiff to purchase documentary stamps and affix them to the note.

*Somma*, 727 So. 2d at 305. Plaintiff should attach the required documentary stamp taxes, file an amended complaint regarding such payment, and plead compliance with the statute.

### B. *Count III and Count IV are Deficiently Pleaded*

Defendants contend that Counts III and IV are nothing but vague and conclusory statements that do not satisfy the heightened pleading standard for fraud under Fed. R. Civ. P. 9(b). [D.E. 26 at 2]. We agree.

Pursuant to Fed. R. Civ. P. 9(b), "In alleging fraud of mistake, a party must state with particularity the circumstances constituting fraud of mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." In addition, when a plaintiff alleges fraud in federal court, Rule 9(b) requires that the plaintiff allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the plaintiff, and (4) what the defendants gained by the alleged fraud. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.* 116 F.3d

12

1364, 1380-81 (11th Cir. 1997). "The particularity rule serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior." *Zeimba v. Cascade Int'l, Inc.* 256 F.3d 1194, 1202 (11th Cir. 2001) (*citing Durham* v. *Bus. Management Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988)).

Although hyper-detailed factual allegations are not required, the complaint must provide the grounds for relief, which "requires more than labels and conclusions, and a formulaic recitation of a cause of actions' elements will not do". *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007). To prevail on a claim of fraud in the inducement, the plaintiff must establish the following elements: (1) a misrepresentation of a material fact; (2) the represter of the misrepresentation, knew or should have known of the statement's falsity; (3) intent by the representation that the representation will induce another to rely and act on it; and (4) resulting injury to the party acting in justifiable reliance on the representation. *Pulte Home Corp. v. Osmose Wood Preserving, Inc.*, 60 F.3d 734, 742 (11th Cir. 1995).

Plaintiff's complaint does not surpass element one of Rule 9(b)'s heightened pleading requirement for fraud based on direct representations. What is clearly missing from Counts III and IV are the precise misrepresentations that were made, who made them, and when they were made. *See Ciethaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1353 (S.D. Fla. 2016) (granting the motion to dismiss when the plaintiff did not plead with particularity the timing of the misrepresentations, the

source of the misrepresentations, and the precise content of the statements which the plaintiff relied on); *American Dental Ass'n*, 605 F.3d at 1291-92 (affirming dismissal of action for failure to state a fraud claim when the plaintiffs do not point to a single specific misrepresentation by the defendants nor plea how the plaintiffs were misled by the documents, as they are required to do under Rule 9(b)); *Aprigliano v. American Honda Motor Co., Inc.*, 979 F. Supp. 2d 1331, 1342 (S.D. Fla. 2013) (granting the motion to dismiss when the plaintiff did not plead the who, what, where, and how of the allegedly fraudulent statements or omissions).

Plaintiff makes general, basic allegations in Count III (Fraud/Fraudulent Inducement against SFL) and Count IV (Fraudulent Inducement against SFL). For example, Plaintiff alleges in both Counts III and IV that "SFL, in representing that the amounts comprising the Capital Amount were due to SFL by MSC, made false statements and representations to MSC concerning material facts." [D.E. 18 at 8,9]. This broad statement does not allege to the precise misrepresentations that were made, by whom, and when. Simply stating "sometime between 2016 and 2019, SFL overcharged MSC on invoices" does not provide Defendants of the precise time at which SFL made the representations. [D.E. 18 at 2]. In addition, the mere fact that Counts III and IV are nearly identical does not put Defendants on notice about what they are being accused of; these statements do not alert Defendants to the "precise misconduct with which they are charged." *Durham*, 847 F.2d at 1511.

Count IV fares no better as it is simply a recitation of the elements of fraudulent inducement without any further recitation of the precise

misrepresentation that induced MSC into the Agreement. For example, Count IV of the amended complaint provides that (1) SFL, in representing that the amounts comprising the Capital Amount were due to SFL by MSC, made false statements and representations to MSC; (2) SFL knew or should have known that such statements and representations were false; (3) SFL intended that MSC rely on such statements and representations and such statements and representations would induce MSC; and (4) MSC paid the amounts comprising the Capital Amount and was thereby injured. [D.E. 18 at 9]. Yet, what is clearly missing from the allegation is what the false statements and misrepresentations are.

Therefore, this motion as to Counts III and IV should be **granted without prejudice** to allow Plaintiff, if it can, to plead a viable fraud claim with particularity (to the extent it seeks to do so given the separate fraud theory pleaded in Count VI that we address below).

### C. Count VI Alleges a Viable Fraud Claim
### That Florida's Independent Tort Doctrine Does Not Foreclose

In Count VI, Plaintiff alleges a claim for Fraud/Fraudulent Misrepresentation/Fraudulent Inducement against SFL and Delgado. Specifically, Plaintiff contends that "neither SFL nor Delgado intended to abide by the terms of the Agreement or Guaranty" and "SFL and Delgado made various statements and representations of material fact regarding amounts owed to MSC and their intent to repay that debt according to the terms of the Agreement." [D.E. 18 at 11]. In addition, Plaintiff alleges that as of March 31, 2022, SFL and Delgado have represented that a number of their material acknowledgements and representations in the Agreement

and Guaranty were false and that they never intended to abide by the terms of the Agreement or Guaranty, and, instead, expected to later renegotiate what was due and owing to Plaintiff. *Id.*

As a general rule, "a false statement of fact, to be a ground for fraud, must be of a past or existing fact, not a promise to do something in the future." *Vance v. Indian Hammock Hunt & Riding Club, Ltd.,* 403 So. 2d 1367, 1371 (Fla. 4th DCA 1981) (citation omitted). An exception to this general rule is that "if the plaintiff can demonstrate that the person promising future action does so with no intention of performing or with a positive intention not to perform, such a promise may also constitute a fraudulent misrepresentation." *Noack v. Blue Cross & Blue Shield of Fla., Inc.,* 742 So. 2d 433 (Fla. 1st DCA 1999); *see also Bongard v. Winter,* 516 So. 2d 27, 27 (Fla. 3d DCA 1987) ("[A] present misrepresentation concerning a future intent may form the basis for actionable fraud where the party making the misrepresentation is aware at the time that it is in fact false.").

A good illustration of this type of claim is found in *Wadlington v. Continental Medical Services, Inc.,* involving an action for fraudulent and negligent misrepresentation. 907 So. 2d 631, 632 (Fla. 4th DCA 2005). The plaintiff alleged that the defendant made promises and representations to the plaintiff and, before the oral contract with the plaintiff materialized, the defendant had no intention of performing the act. *Id.* The court held that plaintiff adequately stated a claim for fraud by specifically alleging that the defendant had no intention of performing the act at the time the representation was made. *Id.* at 633. The court later reasoned that "whether

[the plaintiff] can present sufficient evidence of the misrepresentation or the intent not to perform is of no moment at this procedural juncture, as those are questions of fact to be determined by a jury." *Id.*

Again, Rule 9(b) requires that a complaint "state with particularity the circumstances constituting fraud or mistake," though "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). In other words, "it is sufficient to plead the who, what, when, where, and how of the allegedly false statements and then allege generally that those statements were made with the requisite intent." *Mizzaro v. Home Depot, Inc.* 544 F.3d 1230, 1237 (11th Cir. 2008). But for this particular type of claim, the allegations here suitably comply with the Rule. Count VI of Plaintiff's amended complaint adequately pleads that Defendants never intended to abide by the terms of the Agreement or the Guaranty at the time they executed the documents. [D.E. 18 at 11]. Plaintiff is thus pleading a fraud claim based on a positive intent not to perform, which is a viable claim in Florida.

Defendants, however, argue that Plaintiff's allegations are conclusory claims that lack what the statements were, when they were made, and who made them. But intent may be alleged generally for purposes of this type of fraud claim. So Defendant's argument that Count VI is insufficiently plead is not persuasive, in contrast to their challenges to Counts III and IV. Of course, having pleaded the claim sufficiently is only the beginning. Plaintiff will have the burden of presenting tangible evidence of its theory to survive summary judgment and get to trial.

Pleading intent and showing it are too very different things.  But, as the Court in *Wadlington* explained, a Plaintiff undertaking that burden need not do more to survive a motion to dismiss.

The Defendants argue alternatively that Florida's independent tort doctrine bars Plaintiff's claim and, indeed, that all of Plaintiff's fraud claims are simply attempts to bring a breach of contract claim as fraud claims. [D.E. 26 at 8].   For purposes of Count VI, we disagree and find that this doctrine is not relevant to this type of fraud claim.

Under the independent tort doctrine, "to set forth a claim in tort between parties in contractual privity, a party must allege action beyond and independent of breach of contract that amounts to an independent tort." *Reagan Wireless Corp. v. Apto Sols., Inc.,* No. 18-cv-61147-Bloom/Valle, 2018 WL 4901127, at *3 (S.D. Fla. Oct. 9, 2018) (quoting *Kay v. Ingenio, Filiate De Loto-Quebec, Inc.,* No. 13-61687-CIV, 2014 WL 2215770, at *4 (S.D. Fla. May 29, 2014)). To bring a tort claim concurrently with a contract claim, the plaintiff must plead a tortious action committed separate and apart from the breach of contract. *See also Azure, LLC v. Figueras Seating U.S.A., Inc.,* No. 12-CV-23670-UU, 2013 WL 12003811, at *6 (S.D. Fla. July 18, 2013) (holding that fraud and misrepresentation claims could proceed where they were "attended by some additional conduct that [was] not alleged with respect to the breach of contract claim."); *Peebles v. Puig,* 223 So. 3d 1065, 1068 (Fla. 3d DCA 2017) (citing *Rolls v. Bliss & Nyitray, Inc.,* 408 So. 2d 229, 237 (Fla. 3d DCA 1981) ("[F]or an alleged misrepresentation regarding a contract to be actionable, the damages

stemming from that misrepresentation must be independent, separate and distinct from the damages sustained from the contract's breach.")).

But a *viable* fraud in the inducement claim does the trick.  For instance, in *THI Medical, S.A.C. v. Filmore Management Trading, LLC,* the plaintiff brought an action against the defendant for breach of contract, breach of implied covenant of good faith and fair dealing, fraud in the inducement, fraud, negligent misrepresentation, civil conspiracy, and conversion. 2022 WL 2343334 at *1 (S.D. Fla. June 14, 2022). The defendant argued that the plaintiff's fraud claims were precluded by the independent tort doctrine. *Id*. at *2. Yet the Court held that the plaintiff's allegations in support of its fraudulent inducement claim were indeed separate from the allegations supporting the breach of contract claim and, as such, constituted an independent and actionable tort. The Court reasoned that the complaint alleged sufficient facts that the defendants' material and deliberate misrepresentations induced the plaintiff to enter into the agreement. *Id*. at 3. Further, those acts of alleged fraud crystalized before the parties ever executed the agreement and are distinct from the acts that allegedly breached the terms of the contract. *Id*. In addition, the Court reasoned that the plaintiff asserted that the defendants made those promises without any intention of performing and that these acts constitute a fraud that is extraneous to the contract. *Id. See also Mejia v. Jurich,* 781 So.2d 1175, 1178 (Fla. 3d DCA 2001) ("[W]hen fraudulent misrepresentations in the formation of the contract are alleged . . . the economic loss rule does not bar recovery.") (citing *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.,* 685 So.2d 1238, 1239 (Fla. 1996) ("Fraudulent inducement is an

independent tort in that it requires proof of facts separate and distinct from the breach of contract.")).

Here, Count VI is wholly independent from Plaintiff's breach of contract claim. The damages stemming from Defendants' concealment of their fraudulent intent are independent, separate and distinct from the damages sustained from the contract's breach. The damages sought in Count VI resulted from Defendants' alleged fraud committed prior to the existence of the Agreement and, thus, could not have resulted from or have been occasioned by Defendants' breach of Agreement. In addition, Plaintiff's alleged harm in Count VI is that "MSC has been injured as a result of justifiable reliance on SFL and Delgado's false statements and representations in respect to the Agreement and Guaranty." [D.E. 18 at 12]. Whereas, in Count I Breach of Agreement, Plaintiff alleged that its damages were a result of SFL's failure to make payments under the Agreement. [D.E. 18 at 6]. Hence Plaintiff adequately pleaded an action beyond and independent of breach of contract that amounts to an independent tort. And Plaintiff has alleged damages that are independent, separate and distinct from the damages sustained from the breach of Agreement.

As was the case in *THI Medical,* this complaint alleges sufficient facts that the Defendants' material concealment of their intent never to perform by paying the debt induced Plaintiff to enter into the agreement in the first place. Those acts of alleged fraud, if true, occurred *before* the parties executed the agreement and are wholly distinct from the acts that allegedly breached the terms of the Agreement. *See THI Medical*, 2022 WL 2343334 at *3. Consequently Plaintiff sufficiently pleaded that

Defendants made representations to repay the debt without any intention of performing, which is a species of fraud that is extraneous to the contract.

Therefore, this motion as to Count VI should be **denied** at this stage and the claim should proceed for factual development.

### D. *Unargued Counts*

Apart from the arguments raised in the motion as to the documentary stamp tax condition precedent, as well as the pleading challenges to Counts III, IV, and VI, Defendants have provided no argument as to why Counts II and V should be dismissed.  To the extent they intended to challenge those counts as well (as the motion impliedly suggests by seeking dismissal of the entire complaint), it is not the Court's role to figure out Defendants' unspecified theories.  In addition, Fla. Stat. § 201.08(1) does not prohibit the enforcement of a guaranty for nonpayment of the documentary stamp tax, which is what these counts relate to. Therefore, this motion, to the extent it challenges Counts II and V, can be summarily **denied**.  An answer as to those counts will be required.

### IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that:

A. Defendants' motion to dismiss as to Counts I, III, and IV should be **GRANTED without prejudice.** An Amended Complaint may be filed if the pleading deficiencies cited above can be cured.

B. Defendants' motion to dismiss as to Counts II, V, and VI should **DENIED.**

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see*, *e.g.*, *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 5th day of July, 2023.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge