UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-20075-DPG

MSC TRADING, S.A.,

                Plaintiff,

v.

ANDRES PABLO DELGADO and
SOUTH FLORIDA LUMBER CO.,

                Defendants.

_____/

## ORDER AFFIRMING, IN PART, REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on Chief Magistrate Judge Edwin G. Torres' Report and Recommendation on Defendants' Motion to Dismiss (the "Report"). [ECF No. 43]. On August 26, 2022, Plaintiff MSC Trading, S.A. ("MSC Trading") filed its Amended Complaint against Defendants Andres Delgado and South Florida Lumber Company ("SFL") alleging that Defendants failed to make timely payments in breach of the Parties' contractual agreement and personal guaranty. [ECF No. 18]. On September 16, 2022, Defendants filed their Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law (the "Motion"). [ECF No. 26]. On March 9, 2022, the case was referred to Judge Torres, pursuant to the Parties' Consent to Proceed Before a United States Magistrate Judge, [ECF No. 10-2], for a ruling on all pretrial, non-dispositive matters, and for a report and recommendation on any dispositive matters. [ECF No. 13].

On July 5, 2023, Judge Torres issued his Report recommending that the Court grant, without prejudice, Defendants' Motion as to Counts I, III, and IV and deny Defendants' Motion as to Counts

II, V[1], and VI[2]. [ECF No. 43]. On July 18, 2023, Plaintiff filed its Objections to Magistrate's Report and Recommendation on Defendants' Motion to Dismiss ("Objections"). [ECF No. 46]. Defendants have not objected to the Report, nor filed a response to MSC Trading's Objections.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

This Court conducted a *de novo* review of the record. Except for a certain portion of Section III(A)[3] of the Report, the Court agrees with Judge Torres' well-reasoned analysis and recommendations. In his Report, Judge Torres found that, pursuant to Fla. Stat. § 201.08, payment of the documentary stamp tax is a condition precedent to MSC Trading enforcing its promissory note with SFL. [ECF No. 43 at 5–14]. Furthermore, MSC Trading failed to generally allege that it has satisfied all conditions precedent to bringing this action. *Id.* at 9. Thus, the Report, relying on this Court's Order in *Ben Fu Li v. Tan*, No. 17-cv-60363, 2017 WL 2464680 (S.D. Fla. June 7, 2017), recommends that Count I for breach of agreement be dismissed. *Id.* at 11–12. In its Objections, MSC Trading argues that the Report erred in concluding that the

---

[1] This count is mislabeled as Count IV in the Amended Complaint.
[2] This count is also mislabeled as Count IV in the Amended Complaint.
[3] The Court agrees with Judge Torres' conclusion that the agreement between MSC Trading and SFL is a promissory note. However, the Court disagrees with Judge Torres' analysis regarding whether the promissory note is unenforceable.

condition precedent outlined § 201.08 applied in this case because the promissory note here is unsecured. [ECF No. 46 at 4]. As support, MSC Trading cites *Glenn Wright Homes (Delray) LLC v. Lowy*, which held that § 201.08 "does not prohibit enforcement of an *unsecured* promissory note in a court of this state for nonpayment of the documentary stamp tax." 18 So. 3d 693, 696 (Fla. 4th DCA 2009) (emphasis added); [ECF No. 46 at 4].

§ 201.08 provides, in relevant part:

(1)(a) On promissory notes, nonnegotiable notes, written obligations to pay money, or assignments of salaries, wages, or other compensation made, executed, delivered, sold, transferred, or assigned in the state, and for each renewal of the same, the tax shall be 35 cents on each $100 or fraction thereof of the indebtedness or obligation evidenced thereby....

(b) On mortgages, trust deeds, security agreements, or other evidences of indebtedness filed or recorded in this state, and for each renewal of the same, the tax shall be 35 cents on each $100 or fraction thereof of the indebtedness or obligation evidenced thereby.... Failure to pay the tax shall not affect the lien for any such future advance given by s. 697.04, but any person who fails or refuses to pay such tax due by him or her is guilty of a misdemeanor of the first degree. The mortgage, trust deed, or other instrument shall not be enforceable in any court of this state as to any such advance unless and until the tax due thereon upon each advance that may have been made thereunder has been paid.

Fla. Stat. § 201.08(1)(a)-(b) (2023).

Florida's appellate courts are split on whether § 201.08(1)(b)'s enforcement provision applies to only the categories included in subsection (1)(b) or whether it also applies to those categories included in subsection (1)(a). *Compare Glenn Wright*, 18 So. 3d 693, 696 ("The first subsection makes no reference to a prohibition of enforcement of a promissory note prior to paying the tax on the note."), *with Somma v. Metra Elecs. Corp.*, 727 So. 2d 302, 304–305 (Fla. 5th DCA 1999) (finding that the "obvious purpose of this statute is to ensure payment of statutorily mandated taxes, and holding that "promissory notes for which documentary taxes have not been paid are, as a matter of law, unenforceable by any Florida court"), *and Nikooie v. JPMorgan Chase*

*Bank, N.A.*, 183 So. 3d 424, 430 (Fla. 3d DCA 2014) (adopting the reasoning of *Somma* and holding "[i]n this district, a note or mortgage may not be enforced until the tax has been paid").

As Judge Torres points out, this Court previously declined to follow *Glenn Wright* as it was the minority opinion at the time. [ECF No. 43 at 11]; *see Ben Fu Li*, 2017 WL 2464680 at *2 ("[I]n *Glenn Wright*, Florida's Fourth District Court of Appeal disagreed with [] Florida's Third and Fifth District Courts of Appeal and with several decisions in this district. . . . This Court adopts the majority rule that a promissory note is not enforceable unless documentary taxes have been paid."). However, since *Ben Fu Li*, the Eleventh Circuit has approved of *Glenn Wright*'s interpretation of § 201.08 regarding unsecured promissory notes. *See Grant v. Pottinger-Gibson*, 725 F. App'x 772, 776–77 (11th Cir. 2018) ("[Plaintiff's] failure to attach tax stamps to the [n]ote did not render it unenforceable under Florida law." (citing *Glenn Wright*, 18 So. 3d at 696)).[4]

Since *Pottinger-Gibson*, only two federal courts in this district have discussed the dueling interpretations of § 201.08(1). *Codeventures, LLC v. Vital Motion Inc.*, No. 20-21574-CIV, 2021 WL 1131778, at *2 (S.D. Fla. Mar. 24, 2021); *Caterpillar Fin. Servs. Corp. v. Venequip Mach. Sales Corp.*, No. 22-23002-CIV, 2023 WL 4014801, at *13 (S.D. Fla. Mar. 31, 2023), *report and recommendation adopted in part, rejected in part*, No. 22-23002-CIV, 2023 WL 4540436, at *1 (S.D. Fla. July 14, 2023). However, both courts declined to decide the issue. *Codeventures, LLC*, 2021 WL 1131778, at *2 ("Notwithstanding the dueling interpretations of Florida § 201.08(1) espoused by the Florida appellate courts in *Somma* and *Glenn Wright Homes*, the Court need not reach this matter of statutory interpretation" because "Plaintiff has paid the documentary stamp taxes."); *Caterpillar Fin. Servs. Corp.*, 2023 WL 4540436, at *1–2 (dismissing plaintiff's count for breach of promissory note on the grounds that plaintiff failed to adequately allege its breach of

---

[4] Because *Pottinger-Gibson* is an unpublished opinion, it is not binding on this Court. It is, however, persuasive as it addressed the relevant issues here.

contract claim and declining to address the Magistrate Judge's analysis of plaintiff's alleged failure to pay the documentary stamp tax).

Given new guidance from the Eleventh Circuit, this Court finds it necessary to do another statutory analysis of § 201.08. "When a federal district court must resolve a Florida law issue not yet addressed by the Florida Supreme Court, but Florida's District Courts of Appeal are in disagreement concerning the issue at hand, and no overwhelming authority can be discerned among the few Florida District Court decisions on point, the federal court must predict how the Florida Supreme Court would resolve the disagreement." *Angulo v. Workhorse Group Inc.*, No. 22-22489-CIV, 2023 WL 2667011, at *3 (S.D. Fla. Feb. 22, 2023) (internal quotation and citation omitted). Under Florida law, "[t]he plain meaning of the statute is always the starting point in statutory interpretation." *Alachua Cnty. v. Watson*, 333 So. 3d 162, 169 (Fla. 2022) (internal quotation and citation omitted). When deciphering the plain meaning of § 201.08, the Court must consider the structure and langue of the statute as a whole. *Id.* at 169–70. Furthermore, the Court must also follow "the principle of *expressio unius, est exclusion alterius*, meaning the mention of one thing implies the exclusion of another." *Headley v. City of Miami*, 215 So. 3d 1, 9 (Fla. 2017).

The beginning sentences of subsections (1)(a) and (1)(b) clearly create two distinct groups of instruments. Specifically, subsection (1)(b) lists instruments that are "*filed or recorded* in this state." Fla. Stat. § 201.08(1)(b) (2023) (emphasis added). It then goes on to state that these recorded instruments "shall not be enforceable . . . as to any such *advance* unless and until the tax due thereon upon each *advance* . . . has been paid." *Id.* (emphasis added). This enforcement restriction is not included in subsection (1)(a), which lists "promissory notes, nonnegotiable notes, written obligations to pay money, or assignments of salaries, wages, or other compensation made, executed, delivered, sold, transferred, or assigned in the state." Fla. Stat. § 201.08(1)(a) (2023).

Thus, the construction of the statute dictates that the enforcement restriction does not apply to the unsecured instruments listed in subsection (1)(a). Unlike *Glenn Wright*, the courts in *Somma* and *Nikooie* focused on the legislature's intent rather than the statute's construction. This Court finds that the Florida Supreme Court would likely follow the interpretation of *Glenn Wright* and hold that payment of the documentary stamp tax is not a condition precedent to bring an action based on an unsecured promissory note.

MSC Trading asserts that its agreement with SFL was not secured. [ECF No. 46 at 4]. Furthermore, nowhere on the face of the Amended Complaint does MSC Trading assert that the agreement was secured. Thus, Count I for breach of agreement shall not be dismissed.

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1)     Plaintiff MSC Trading, S.A.'s Objections to Magistrate's Report and Recommendation on Defendants' Motion to Dismiss, [ECF No. 46], are **AFFIRMED, in part, and OVERRULED, in part**;

(2)     Chief Magistrate Judge Torres' Report and Recommendation, [ECF No. 43], is **AFFIRMED AND ADOPTED,** except for the portion of Section III(A) which recommends dismissal of Count I based on Plaintiff's pre-suit failure to pay the documentary stamp tax for the unsecured note. The remainder of the Report is incorporated into this Order by reference;

(3)     Defendants' Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law, [ECF No. 26], is **GRANTED, in part,** and **DENIED, in part,** as follows:

a.   GRANTED as to Counts III (Fraud/ Fraudulent Misrepresentation against SFL) and IV (Fraudulent Inducement against SFL).

b. DENIED as to Counts I (Breach of Agreement against SFL), II (Unjust Enrichment against SFL), V (Breach of Guaranty against Delgado), and VI (Fraud/Fraudulent Misrepresentation/Fraudulent Inducement against Andres and SFL); and

(4)     Plaintiff's Amended Complaint, [ECF No. 18], is **DISMISSED, without prejudice,** as to Counts III (Fraud/ Fraudulent Misrepresentation against SFL) and IV (Fraudulent Inducement against SFL). Plaintiff may, within twenty (20) days of this Order, file an amended complaint.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of October, 2023.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE