**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 22-20075-CIV-GAYLES/TORRES

MSC TRADING, S.A.,

   *Plaintiff*,

v.

ANDRES PABLO DELGADO, and
SOUTH FLORIDA LUMBER CO.,

   *Defendants*.

_____/

**SUPPLEMENTAL REPORT AND RECOMMENDATION ON
<u>PLAINTIFF'S MOTION FOR COSTS</u>**

This matter is before the Court on MSC Trading, S.A.'s ("Plaintiff") motion for attorney's fees and costs [D.E. 90] against Andres Pablo Delgado and South Florida Lumber CO. ("Defendants") following an Order granting summary judgment and the entry of a Final Judgment against Defendants in the total amount of $10,987,182.83. [D.E. 81, 85]. The motion certified that no response or opposition was received to the request for fees and costs, as contemplated by Local Rule 7.3, despite the service of the motion on Defendants prior to its filing. Then after the motion was filed on the docket, no timely response was filed in opposition to the motion either. Accordingly, as per S.D. Fla. Local R. 7.1, the motion could be adjudicated in full by default.

1

Apart from that procedural default, the Court reviewed the record submitted on the motion and found that it should also be granted on its merits. A Report and Recommendation thus followed. [D.E. 107]. That Recommendation, however, only focused on the request for fees, which predominated the motion, but overlooked that the motion also included a request for reimbursement of costs. No objection has been filed to the Report and Recommendation as to fees. But this Supplemental Report and Recommendation is now entered to address the matter of costs that was omitted from the original Report.

## I.   BACKGROUND

Plaintiff MSC is a Haitian company that purchased lumber from Defendants, specifically South Florida Lumber that is a company operated by Delgado, for more than a decade. In July 2020, after identifying that Defendants had overcharged MSC by $8,205,000.00, the parties executed an Agreement for Recognition & Payment of Debt (the "Agreement") that obligated Defendants to repay MSC in accordance with the payment schedule defined in the Agreement. Delgado, acting in his individual capacity, separately guaranteed SFL's repayment obligations in writing (the "Guaranty"). In the months following the execution of the Agreement and the Guaranty, Defendants paid $712,703.08 in accordance with the Agreement but stopped making payments thereafter.

This lawsuit ensued. MSC filed a complaint against Defendants for four claims under Florida law: (1) breach of the Agreement; (2) alternatively, unjust

enrichment; (3) breach of the Guaranty by Delgado; and (4) fraud. Defendant South Florida Lumber separately asserted two counterclaims—one for fraud and the other for an accounting—against MSC.

On April 12, 2024, MSC filed a Motion for Summary Judgment that sought to adjudicate the contract claims affirmatively in its favor. The undersigned issued a Report and Recommendation on the motion. On July 29, 2024, the presiding Judge adopted the Report and Recommendation in part [D.E. 81] and entered Final Judgment in Plaintiff's favor on August 29, 2024. [D.E. 85]. That Order specifically reserved jurisdiction to make further orders in connection with enforcement of the Final Judgment, "including the awarding of attorney's fees and costs . . . ."

Plaintiff then filed its motion for attorneys' fees and costs on October 24, 2024. [D.E. 90]. No timely response was filed in opposition to the motion, making it ripe for adjudication. The undersigned entered a Report and Recommendation on Plaintiff's motion for attorney fees [D.E. 107] and now enters this Supplemental Report and Recommendation as to the costs requested.

## II.   ANALYSIS

Plaintiff requests non-taxable costs amounting to $37,762.00: "These costs include $1,262.06 in fees for express mail, filing and recording fees, and PACER copies of various court documents as listed in Exhibit A, as well as $36,500 in non-reimbursed fees expended by MSC with respect to the Arbitration[.]" [D.E 90-1 at 6].

3

Ordinarily, Plaintiff's request would run afoul of 28 U.S.C. § 1920.[1] But we are not bound by § 1920 where there is explicit contractual authorization to award such costs to the prevailing party. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). To that end, the Guaranty these parties entered into includes a broad provision allowing the Creditor (Plaintiff) to recover, "any and all expenses (including without limitation, reasonable legal fees and expenses) incurred by the Creditor in enforcing its rights under this Guaranty." [D.E. 1 at 11] (emphasis omitted).

Upon review of Plaintiff's requested costs and given the breadth of the provision in the Guaranty ("any and all expenses"), the undersigned finds that the requested costs are recoverable in this case, even though they could not be deemed "taxable" under section 1920. *See Managed Care Sols., Inc. v. Cmty. Health Sys., Inc.*, No. 10-60170-CIV, 2013 WL 12086769, at *3 (S.D. Fla. Nov. 20, 2013), *report and recommendation adopted*, No. 10-60170-CIV, 2014 WL 12479993 (S.D. Fla. Jan.

---

[1] As to the duplication costs, this Circuit has recognized that "costs such as general copying . . . are clearly non-recoverable" under § 1920. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996). PACER fees are also not recoverable: "[a]s there is no explicit authorization to grant those costs under § 1920, they are not recoverable." *Parrot, Inc. v. Nicestuff Distrib. Intern., Inc.*, No. 06-61231-CIV, 2010 WL 680948, at *15 (S.D. Fla. Feb. 24, 2010); *see also Global Patent Holdings, LLC v. Panthers BRHC LLC*, No. 08-80013-CIV, 2009 WL 1809983, at *2 (S.D. Fla. June 25, 2009) (PACER fees not recoverable). Similarly, mediator fees do not fall within the scope of taxable costs allowed under § 1920. *See Marjam Supply Co. of Fla., LLC v. Pliteq, Inc.*, No. 1:15-CV-24363, 2021 WL 1200422, at *23 (S.D. Fla. Mar. 5, 2021), *report and recommendation adopted*, 2021 WL 1198322 (S.D. Fla. Mar. 30, 2022) ("Mediation expenses are not recoverable under Section 1920.").

14, 2014) (awarding non-taxable costs of travel, copy, and telephone expenses where prevailing party was contractually entitled to "necessary disbursements"); *Brown Jordan Int'l, Inc. v. Carmicle*, No. 14-60629-CIV, 2017 WL 5633312, at *10 (S.D. Fla. Aug. 7, 2017) ("It is well settled that expenses such as reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are typically recoverable as non-taxable costs.") (internal citation omitted), *report and recommendation adopted*, No. 14-60629-CIV, 2017 WL 5632811 (S.D. Fla. Aug. 22, 2017).

Even though they are recoverable, the Court must still address whether the costs requested in the motion are reasonable (even though the failure to respond to the motion could allow the Court to summarily award these costs by default). The only amount that raises any possible issue relates to the $36,500 requested for arbitration costs that were initially incurred after the parties' dispute arose. The parties initiated that process with the ICC, including the retention of an arbitrator, but a dispute arose as to the funding of the arbitration. [D.E. 16 at 2–3]; [D.E. 90-1 at 88]. Though Plaintiff had already expended monies for that process, the parties agreed to return to Court to adjudicate the case in part due to the arbitration costs that still would have to be paid. [D.E. 16]. The amounts requested here represent the costs Plaintiff incurred for this aborted process, which under the parties' agreement was reasonably necessary at the time. And they are now part and parcel

5

of the reasonable expenses Plaintiff incurred to achieve a favorable outcome to the litigation. So, we find that they are reasonable and should be awarded.

Accordingly, we recommend awarding Plaintiff $1,262.06 in mail, filing, recording, and PACER fees; and $36,500 in arbitration fees.

### III. CONCLUSION

The undersigned hereby **RECOMMENDS** that Plaintiff be awarded the following additional amounts that were included in the motion for fees, for a total of $37,762.06 in costs:

1. $1,262.06 in mail, filing, recording, and PACER fees; and
2. $36,500 in arbitration fees.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Supplemental Report and Recommendation to serve and file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 6th day of October, 2025.

/s/ *Edwin G. Torres*
United States Magistrate Judge

6